## JONES v. JONES *et al.*

1. LEVY OF EXECUTION UPON PERSONAL PROPERTY. In equity a judgment creditor will be compelled to exhaust the personal property of a judgment debtor before resorting to real estate purchased by a third person, of such debtor, in good faith and for a valuable consideration, before such judgment was rendered, but which by reason of a mistake in descriptions was not conveyed at the time the lien attached.

2. COPARTNERSHIP: JOINT AND SEVERAL PROPERTY. A court of equity will not enjoin the sale of individual property of a copartner to satisfy a judgment against the firm of which he is a member, upon the ground that it has not been made liable by *scire facias*, when it is not alleged that the judgment was against the firm, and not against the individual members thereof; or when no issue is presented negativing the fact that the property has been made liable by such process. *Quere.* Does the right to object to the levy of an execution on this ground extend to one claiming under the debtor?

3. BILL AND ANSWER. When the allegations of a bill are explicitly denied in the answer and the cause is submitted without proof to sustain the affirmative allegations of the bill, the chancellor must find against the complainant.

4. WAIVER OF DEFAULT. A default is waived by the filing of an answer, without leave of court, if the adverse party fails to object to such filing and joins issue upon the allegations thereof, and submits such issue, upon the pleadings, to the court.

5. JUDGMENT LIEN SUBJECT TO EQUITABLE INTEREST. The lien of a judgment creditor upon the land of his debtor is subject to all the equities which exist in favor of third persons against such lands at the time of the recovery.

7. EVIDENCE: ANSWER. The answer of one defendant cannot be read in evidence against his co-defendant when there is no joinder or privity of interest, or fraud, or collusion, or combination between them.

*Appeal from Polk District Court.*

THURSDAY, JUNE 5.

EDWIN BROWN procured an execution on a judgment in his favor, and had the same levied upon certain lands. The complainant filed his bill, and obtained an injunction restraining such sale. Afterwards, this injunction was dissolved, and the bill dismissed as to Brown, and the sheriff, from which complainant appeals.

*Phillips & Phillips* for the appellant:

1. The judgment was against the firm of Campbell, Jones & Co., and an execution issued against the joint property of the firm could not be levied upon the separate property of John C. Jones. Until after *scire facias* the judgment could not become a lien upon the personal property of the members of the firm. Code of 1851, §§ 1690, 1691; Revision of 1860, § 2785.

II. It is a well settled rule in equity that the lien of the judgment creditor upon the lands of the debtor is subject to all the equities which exist in favor of third persons at the time of the recovery of such judgment. *Keirsted* v. *Avery*, 4 Paige Ch., 9.

III. The answer of Jones and wife was evidence against their co-defendants, for the reason that their co-defendants claimed to hold the land through them. 1 Greenl. Ev., 190, 191.

*Casady & Polk* for the appellee.

I. The point made by appellant, that the judgment is against the firm, and can be enforced by *scire facias* only

against the property of the members of the firm, is not presented in the bill; neither is it alleged that the proper steps have not been taken under the Code to make the property liable.

II. The rule of law stated in Greenl. Ev., § 178, has no application to the case at bar. *Osborne* v. *The Bank of the United States*, 9 Wheat., 738; *Ayres* v. *Campbell*, 9 Iowa, 213. The rule itself has been questioned by many courts. *Field* v. *Holland*, 1 Greenl. Overruled Cases, 167; *Mosley* v. *Armstrong*, 3 Monr., 287; *Ward* v. *Davidson*, 2 J. J. Marsh, 443; *Rees* v. *Lawless*, 4 Litt., 218; *Doyle et al.* v. *Sleeper and Alsop*, 1 Dana, 531. The answer can be read in evidence only when the allegations would bind the co-defendant as admissions or confessions, Cow. & Hill's Notes, Phil. Ev., part 1; *Gray* v. *Harrison*, 2 Hayne, 292; *Weedman* v. *Kahn*, 4 S. & R., 174; *Jackson, ex dem. Watson*, v. *Cris*, 11 John. R., 437; *Chess* v. *Chess*, 1 Penn., 32. The old chancery rule as to the effect of an answer was changed and modified. *Shepard* v. *Ford*, 10 Iowa, 502; *Williamson* v. *Haycock et al.*, 11 Id., 40; *Mobley* v. *The Dubuque Gas Light & Coke Company et al.*, Id., 71.

WRIGHT, J: — If the cause was before us to review alone the action of the court below on the motion to dissolve the injunction, filed before answer, we should feel constrained to reverse it. Complainant states in his bill that he purchased the lands levied upon and about to be sold, from one of the defendants in execution, paid therefor a valuable consideration, had his deed recorded before the rendition of the judgment, that in said deed there was a mistake, that instead of describing the lands purchased, and intended to be conveyed, (a parcel in section 33,) it described it as in sect. 13, same Township and Range; and that the defendants in the execution, (Campbell, Jones & Co. and Bryant,) had each and jointly sufficient unincumbered

property to satisfy the judgment. Now, if these facts were true, (and they were to be so taken, as the case stood at the time of hearing said motion,) then the injunction should have been continued. If the firm had sufficient property from which to satisfy the judgment, then complainant occupied such a position as that he could in equity compel the plaintiff in execution to resort to that before selling the land bought by him in good faith and for a valuable consideration, before the lien of the judgment attached.

But before this motion was heard, there was an answer, replication and *rejoinder* filed, and the record shows that the cause was "submitted upon the pleadings." That the court found that complainant's bill was not sustained, and that thereupon the injunction was dissolved and bill dismissed, as to Brown and Spaulding, (the sheriff.) The case is before us, therefore, in this attitude, and we are to determine whether, from the pleadings, complainant is entitled to relief.

Jones and wife, the grantors of complainant, by their answer admit, while Brown and Spaulding deny, every material allegation of the bill. The replication takes issue upon some new matter set up in the answer, and the rejoinder does the same as to like matter contained in the replication. The pleadings subsequent to the answer, however, are of no importance, and need not be further noticed.

Complainant insists that he was entitled to relief under the case made by the pleadings: *First:* Because the judgment was against the firm of Campbell, Jones & Co., and that before the individual property of one member of the firm could be levied upon and sold, some step, by *scire facias*, or otherwise, should have been taken to make it liable. To this position, it seems to us, there are several answers. In the first place, it does not appear, by any clear averment, that the firm was sued or the judgment

recovered against them in their partnership name. In the next place, there is nothing in the bill raising any such issue. The fact that such proceedings "to show cause" had not been taken and determined, is not negatived. For anything that appears, such steps were taken, and the plaintiff may have pursued the very course required of him by law. And finally, it may be doubted whether complainant occupies such a position as to entitle him to make the objection. If the owner of the individual property, the defendant in the execution could, *quere*, if the same right extends to one holding under such debtor.

*Second:* It is urged that the partnership, and each member thereof, had property from which the judgment could have been made. This is clearly and explicitly denied in the answer of Brown and Spaulding, however. And while the issue thus stood, without proof to sustain the affirmative allegation, the chancellor was bound to find it against complainant.

*Third:* That a default was entered against the said Brown and Spaulding, that their answer was subsequently filed, without leave of court, and should not, therefore, be considered. No steps were taken, however, to strike this answer from the files. On the contrary, it appears affirmatively that issue was joined upon it, and that the cause was submitted upon the pleadings. It is too late now, therefore, for complainant to insist that they were in default.

*Fourth:* It is insisted that upon the pleadings the injunction should have been made perpetual. The rule contended for is, that the lien of a judgment creditor upon the lands of his debtor is subject to all the equities which existed in favor of third persons against such lands at the time of the recovery; that a court of chancery will protect the equitable rights of third persons, *against* the legal liens of a judgment and will limit such liens to the actual interest which the judgment debtor had in the estate. Granted the rule, the

question still remains, have we a case to which it applies? For, if complainant has no equitable right to the land levied upon, then the lien of the judgment is. as to him, unlimited. This equity is denied by the answer, for while it is admitted that a deed was made, it is denied that it was intended to convey any other lands than those therein described. Is this answer overcome? Certainly not, unless the answer of the grantor, Jones, is evidence against respondent, Brown.

We are not of the opinion, however, that this case comes within the exceptions to the general rule, that the answer of one defendant in chancery cannot be read in evidence against his co-defendant. There is certainly no joint interest between the vendor, Jones, and the creditor, Brown, in the transaction. Nor does Brown claim through Jones, within the meaning of the exception as stated by Mr. Greenleaf, 1 Ev., § 178. Nor was there any fraud, collusion, or combination, between them. Indeed, Brown claims not under or through his co-defendant, Jones, but against him. True, if he takes under his execution and sale, he acquires the title of the debtor, but he does not succeed to his estate, the right of Jones does not devolve upon him, there is no such priority of estate, as that he should be bound by what Jones may state in his answer. And especially is this so, when the answer, (treated as an admission or declaration,) was made long after the party answering has parted with his title. Decree,

Affirmed.