[No. 173.   Decided March 13, 1891.]

## J. B. JONES et al. v. CARL A. SANDER.

APPEAL — NOTICE — PARTIES — VOIDABLE DECREE.

Where the decree in an action is such that several of the defendants, who do not join in an appeal, are prevailing parties as against those who do, notice of appeal should be served on those not joining, under the act of March 22, 1890, providing that a party desiring to appeal must serve notice on the prevailing party.

Although the pleadings may not entitle defendants in an action to affirmative relief, a decree determining the rights of defendants between each other is voidable, and not void, where the court had jurisdiction of the persons and subject-matter; and those in whose favor it establishes rights are prevailing parties.

*Appeal from Superior Court, Kittitas County.*

The facts are sufficiently stated in the opinion.

*Pruyn & Ready*, for appellants.

*Daniel Gaby*, for appellee.

The opinion of the court was delivered by

HOYT, J. — Appellee brought an action against a large number of defendants to restrain them from diverting the waters from Wilson creek so as to prevent a certain flow therein through his land situated on said creek. Some of the defendants, by way of answer, set up a claim to certain water of said creek, and asked that it be decreed to them. Upon the trial of the cause the question of the rights of the respective parties as to the waters of such creek were gone into, and the decree of the court established the same, not only as between each of such defendants and the plaintiff, but also as between such several defendants themselves. From this decree a part of the defendants have attempted to appeal. But they did not join their co-defendants, nor were notices served upon them; and it is

contended that, for want of such joinder or notice, the attempted appeal is insufficient to give this court jurisdiction. It has been decided by this court that where a part of several co-parties appeal, they must serve notice thereof upon all the other co-parties, as required by § 454 of the code, and that a failure so to do would deprive this court of jurisdiction. See *Cline v. Mitchell,* 1 Wash. 24 (23 Pac. Rep. 1013); *Nelson v. Territory,* 1 Wash. 125 (23 Pac. Rep. 1013). These cases are decisive of the one at bar, if said § 454 and the other sections of the code to be construed in connection therewith are still in force. But appellee insists that these sections have been repealed by the act of March 22, 1890. We are inclined to think that this act does not repeal the sections of the code in question. But it is not necessary that we should here decide that question, as this attempted appeal is insufficient under the said act of March 22, 1890. By that act the party desiring to appeal must serve notice on the prevailing party; and the decree in this case was such that several of the defendants who did not join in the appeal were prevailing parties, as against those who did, and should have been served with notice.

Appellants practically concede this to be true by the terms of the decree, but they contend that the said decree is void, so far as it attempts to determine the rights of the defendants among each other; their contention in that regard being that the pleadings upon the part of such defendants did not state facts sufficient to entitle them to the relief granted. We agree with appellants that such pleadings were insufficient, and that it was error on the part of the trial court to decree affirmatively in their favor, as it did. But we cannot agree that such parts of its decree were void. It had jurisdiction of the persons; and the pleadings, though insufficient, gave it jurisdiction of the subject-matter, from which it must follow that any decree rendered therein, however erroneous, was voidable only, and not void. Until

reversed, such parts of said decree were binding on all the parties to the action, and, being to a certain extent adverse to the appellants, those in whose favor they established rights were prevailing parties, within the meaning of said act, and should have been joined in the appeal, or served with notice thereof. The motion to dismiss must be granted.

ANDERS, C. J., and DUNBAR, SCOTT, and STILES, JJ., concur.

---

[No. 153.  Decided March 14, 1891.]
THE COLUMBIA NATIONAL BANK V. ALLEN EMBREE,
*Executor.*

COMMUNITY PROPERTY — LIABILITY FOR SEPARATE DEBTS.

Where a party dies possessed of an interest in community property which is not required to pay the community debts, and is not otherwise exempt, such interest is liable for his separate debts when his separate property is exhausted.

*Appeal from Superior Court, Columbia County.*

The facts are fully stated in the opinion.

*Edmiston & Miller,* for appellant.

The fundamental idea of the community system is, that marriage makes the man and woman partners. *De Blane v. Lynch,* 23 Tex. 25; 8 Cal. 597. Upon the dissolution of marriage, community property becomes a *primary* fund for the payment of all community debts. *Christmas v. Smith,* 10 Tex. 123. The intention of the legislature as expressed in §§ 2411, 2412, Code 1881, is to make community property a primary fund for the payment of community debts, and if this view be correct, then it must of