[No. 445. Decided July 20, 1892.]

THE BELLINGHAM BAY NATIONAL BANK, *Respondent*, v. THE CENTRAL HOTEL COMPANY *et al.*, *Appellants*.

APPEAL—PARTIES—NOTICE.

Under the statutory provision that notice of appeal shall be served upon all parties who have appeared in the action, an appeal will be dismissed where a party, who does not join in the appeal, has not been served with notice thereof.

*Appeal from Superior Court, Whatcom County.*

*Harris, Black & Leaming,* for appellants.

*Fairchild & Rawson,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—Respondent moves to dismiss the appeal in this case for the reason that Reginald Jones, one of the parties who had appeared in the action in the court be-. low, had not joined in the notice of appeal, and had not been in any manner served therewith. This motion must be granted upon the authority of numerous decisions of this court. See *Cline v. Mitchell,* 1 Wash. 24; *Nelson v. Territory,* 1 Wash. 125; *Jones v. Sander,* 2 Wash. 329; *Cadwell v. First National Bank,* 3 Wash. 188.

It is true that these decisions were rendered when the statute relating to appeals was somewhat different from the present one, but upon this question we are unable to draw such a distinction as will authorize the retention of jurisdiction in this case. The present statute is substantially the same, in our opinion, as the one heretofore construed. Sec. 4 provides that the service of notice shall be upon the prevailing party, and if it stood alone, might possibly be construed as authorizing any party to an action to appeal by simply serving upon the party who had prevailed, as against him, in the action, though such a construction would frequently lead to two or more appeals from the same judgment. But § 5 of said act specially provides that the notice of appeal shall be served upon *all* parties who have appeared in the action or proceeding. We cannot do otherwise than to give such provision force, and to give it any force at all, it is necessary for us to hold that the appeal has not been perfected until such service is had.

The motion to dismiss the appeal must be granted.

Anders, C. J., and Scott, Dunbar and Stiles, JJ., concur.