[No. 687.   Decided February 20, 1893.]

TRADERS' BANK OF TACOMA *et al.*, *Respondents*, v. GEORGE
D. BOKIEN, TACOMA TRUST AND SAVINGS BANK *et al.*,
*Appellants.*

APPEAL— NOTICE TO CO-DEFENDANTS.

Where an appeal is prosecuted from a judgment by one of several
defendants in the action, the fact that the attorney for appellant
was also the attorney for one of the other defendants is no excuse
for not serving such a defendant with notice of the appeal.

*Appeal from Superior Court, Pierce County.*

*Richards, Murray & Pratt,* for appellants.

*Pritchard, Stevens, Grosscup & Seymour (J. A. William-
son,* of counsel), for respondents.

The opinion of the court was delivered by

HOYT, J. — This action was commenced by the plaintiff
against several defendants.    Judgment was duly rendered
therein, from which one of the defendants has sought to
appeal to this court.    The notice of appeal given by said
defendant was directed to and served upon the plaintiff and
all the defendants excepting Benjamin A. Chilberg.    As to
this defendant the notice was entirely silent, and there is no
proof in the record that it was ever served upon him or his
attorney.    For the reason that said defendant Chilberg was
not made a party to the appeal a motion is made to dis-
miss the same.

It has frequently been held by this court that under the
provisions of our statute all the parties who had appeared
in the action in the court below must be made parties to the
appeal, either by joining therein, or having notice thereof
served upon them.    It follows that the motion is well
taken, unless there is something in the record to take this

case out of the general rule.   It is alleged on the part of the appellant that it is thus taken out of said rule by reason of the fact that the attorney for the appellant was also the attorney for said defendant Chilberg in the court below, and that such being the fact, the knowledge of said attorney of such notice of appeal having been given should be held equivalent to service upon said defendant of a copy of the notice.   We are unable to agree with this contention. In our opinion the said defendant Chilberg was in no manner bound by the knowledge thus derived by one who had in the court below acted as his attorney.   He was in no sense made a party to the appeal by the simple fact of such notice, and it would have been entirely competent for him to have prosecuted an appeal from the judgment at any time within six months after its rendition, regardless of the fact of the attempted appeal by this appellant.

The motion to dismiss must be granted.

DUNBAR, C. J., and ANDERS, SCOTT and STILES, JJ., concur.