[No. 1611. Decided March 1, 1895.]

PATRICK LAMEY, *Appellant*, v. WALTER J. COFFMAN
*et al., Respondents.*

JUDGMENT LIEN — HOW CREATED — TRANSCRIPT FILED WITH AUDITOR—
REQUISITES — APPEAL — SERVICE OF NOTICE ON PARTY — RIGHT TO
COSTS.

Under § 449, Code Proc., the filing in the county auditor's office
of a transcript of a judgment, instead of the abstract thereof re-
quired to be entered by the clerk in the execution docket, is all that
is necessary to create a lien upon the judgment debtor's land in the
county.

The provision of § 449, Code Proc., requiring that the abstract of judgment filed in the auditor's office shall set forth the names, at length, of all the parties, is merely a requirement that the names shall be stated as shown by the judgment entry, and has no other reference to the names of the parties.

The fact that the amount of costs to which a judgment creditor is entitled is not shown in the transcript filed in the county auditor's office will not defeat the lien of the principal judgment itself, to which the adjudication as to costs is merely an incident.

The fact that one of the parties to an action, against whom judgment has been rendered, has been served with notice of appeal, does not require his appearance in the appellate court, unless he desires to join in the appeal; and when he appears and asks for a dismissal of the appeal as to him, he is not entitled to costs.

*Appeal from Superior Court, King County.*

*Thomas B. Hardin,* for appellant:

Our judgment lien, like our mechanics' lien, is the creature of the statute; and it can only be created in the precise method prescribed by the statute. As the notice of the mechanic filed with the auditor must conform to the statute in order to give vitality to his lien, so a transcript of the judgment, and one which contains all the essentials enumerated in the statute, must be filed with the auditor before the judgment creditor obtains any lien whatever. *In re Boyd,* 4 Sawy. 262; *Nye v. Moody,* 8 S. W. 607; *Bonner v. Grigsby,* 19 S. W. 511 (31 Am. St. Rep. 48); *Spence v. Brown,* 22 S. W. 983. *Bagley v. Ward,* 27 Cal. 371; *Isaac v. Swift,* 10 Cal. 81; *Willis v. Nichols,* 23 S. W. 1028; *Buchan v. Sumner,* 2 Barb. Ch. 193; *Dewey v. Sugg,* 109 N. C. 328. If any part of the judgment is a lien the lien extends to the costs also. *Central Trust Co. v. Central Iowa Ry. Co.,* 38 Fed. 889.

*Carr & Preston,* for respondent.

*P. P. Carroll,* for respondent Friedman.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to foreclose a mortgage made by the defendants, Walter J. Coffman and Josie Coffman. The other defendants were joined for the reason that they claimed some interest in the mortgaged property. Upon the trial it appeared that the interest of such defendants grew out of judgments in their favor against the mortgagors. The court held that the lien of some of these judgments was superior to that of the mortgage of the plaintiff. In so doing, it is claimed error was committed, which should reverse the judgment.

Appellant concedes that the judgments in question were rendered prior to the giving of the mortgage, and that an attempt had been made to make them a lien upon the real property of the mortgagors by causing notices to be filed in the office of the county auditor. He does not attack the judgments. His claim is that they were not liens upon the real estate of the mortgagors, for the reason that the provisions of the statute in that regard had not been complied with.

The transcript or statement filed with the auditor was not the same in each case, but all present substantially the same questions, and if what was done in one case was sufficient, that done in the other cases was also sufficient. Hence, it will only be necessary for us to determine as to the sufficiency of the proceedings in a single case.

In the judgment of the defendants, Sanborn, Vail & Company, they were described as A. H. Vail, W. I. Vail and E. H. Shepard, partners doing business as Sanborn, Vail & Company. It was against the defendants Coffman, the mortgagors, was in the usual form, and a transcript thereof, duly certified, had been

filed in the office of the county auditor, and duly entered and indexed by him. It did not appear from such transcript that any adjudication had been made as to the amount of costs to which the plaintiffs were entitled. All that appeared upon that subject was that plaintiffs should recover their costs against the defendants. It is claimed that the filing of this transcript was insufficient to make the judgment a lien upon the real property of the defendants. Sec. 449 of the Code of Procedure is in the following language:

"Within twenty days after the entry of any judgment for the recovery of money, the clerk shall enter in said execution docket a statement of the judgment, and shall, at the request of the judgment creditor or his attorney, furnish a transcript of said judgment to the judgment creditor, and upon the filing of said transcript in the office of the county auditor, it shall be a lien upon all real estate of said judgment debtor in the county where such transcript shall be filed, for the period of five years from the time of the entry of said judgment. The lien shall attach from the day of the date of said judgment, if said transcript shall have been filed within the said twenty days; and in case an attachment has been levied upon any real estate, then from the levy of the attachment. The fees for making and filing such transcript shall be paid by the judgment creditor, and be taxed as costs against the judgment debtor, and be collected as other costs in the case. Said statements and transcripts shall contain: 1, The names, at length, of all the parties; 2, The date of the judgment, and against whom rendered; 3, The amount or nature of the judgment and costs; 4, An abstract of the costs of each party, and to whom belonging."

And it is claimed that thereunder the statement or transcript filed with the auditor must contain, among other things, the names, at length, of all the parties,

an abstract of the costs of each party, and to whom belonging.

It will be seen from the language of said section either that there are two methods by which the lien may be perfected or there is such a careless use of terms as to make the provisions of thesection in harmonious. The first part seems to clearly imply that the judgment creditor should obtain from the clerk and file with the auditor a transcript of the judgment; while the latter part would be best interpreted by holding that such transcript was not of the judgment itself but of the abstract thereof required by the clerk to be entered in the execution docket. Much of the argument of the respective parties has been directed to the interpretation of this section. This argument has been founded not only upon the language of the section but also upon that of other sections relating to the same subject, and the history of legislation relating to judgment liens has been discussed at length.

We shall not find it necessary to follow the course of this argument, since the statute, as we understand it, even if the contention of the appellant as to its interpretation should prevail, was fully complied with when the transcript of the judgment itself was filed with the auditor. All that is required by the statute is that the transcript filed shall contain the information imparted by the execution docket in the clerk's office, and since such information must be obtained by the clerk from a judgment of record in his court, or from transcripts of judgments of other courts, and since he has no superior facilities for obtaining information from such judgments or transcripts over that of any person to whom they are presented, it must follow that the filing of a transcript of the judgment itself conveys all the information to one who is bound to take notice of what

is filed that the filing of a transcript of the execution docket would furnish. The execution docket is made up of facts appearing from the judgment or transcript, and for that reason can furnish no information not therein contained, so that the abstract which the appellant contends should have been filed not only gives no more information than would the transcript of the judgment itself, but, for the reason that the greater includes the lesser, must give less information. Hence, if the transcript from the execution docket for which he contends would have furnished proper notice, the one actually filed furnished such notice and more.

It is also contended that the names of the parties to the judgment did not appear at length in the transcript filed with the auditor, and that for that reason it was insufficient. In our opinion the provision as to the names appearing at length in the statement or transcript only requires that there should be no abbreviation of the names of the parties shown by the judgment entry; that it has no reference to the full Christian, or other, names of the parties, but only to their names as set out in the judgment; that if the names are therein so set out that the judgment is a valid one, the names set out in the same manner in the transcript will give proper notice.

It is further objected that the particular transcript in question was insufficient for the reason that the amount of costs to which the plaintiff was entitled was not made to appear therefrom. The only effect that could be wrought by the failure to give this information, would be to deprive the judgment creditors of the benefit of the lien for the costs incident to their judgment. That a plaintiff may obtain a valid judgment, the principal sum of which will be collectible by process of law, although there has never been any ad-

judication as to the amount of costs to which he is entitled, is too clear to require argument, and if the judgment itself will be valid without any adjudication as to costs, the lien thereof must of necessity be created by a transcript in which the costs are not made to appear. The plaintiff in any case may waive the right to have the costs incident to his judgment, and such waiver on his part would not destroy his right to have his judgment collected, nor, in our opinion, would it deprive him of the right to have it made a lien by the filing of a transcript thereof with the auditor. The object of the record in the auditor's office is to give notice to those dealing with the property of the fact of the rendition of the judgment, the parties thereto, and the amount thereof; and if no notice is given as to the amount of the costs, it will follow that as to that portion of the judgment, or that amount which is incident to the judgment, the notice required by the statute has not been given. But it does not follow that the notice as to the principal sum is not just as complete as it would have been if supplemented by a statement as to costs.

The trial court held that these judgment creditors had no lien for costs, but that they did have as to the principal, and in so doing correctly interpreted what was done and the statutes relating thereto. The same course of reasoning will result in affirming the action of the court as to the other defendants.

A question of costs on appeal is raised by the respondent Friedman. By the judgment of the trial court his lien was held to be subsequent to that of the appellant. He was, however, served by the appellant with a copy of the notice of appeal, and has appeared and filed a brief in which he sets up the facts as to the issues in the trial court having been decided in favor

of the plaintiff, and asks that the appeal be dismissed as to him with costs.

In our opinion no such costs can be allowed. Under the statute it was necessary for the plaintiff to serve a copy of the notice of appeal upon all who had appeared in the action whether the issues tried had been determined for or against them. The service of such notice upon one situated as was the defendant Friedman required no action on his part unless he desired to join in the appeal, and seek a reversal of the judgment of the trial court as to him.

The judgment will in all things be affirmed. The respondents who succeeded in the court below will recover costs on appeal.

DUNBAR, ANDERS and GORDON, JJ., concur.