[No. 1976.   Decided November 12, 1895.]

THOMAS H. CASEY, *Respondent*, v. THOMAS F. OAKES *et al.*, *Receivers of the Northern Pacific Railroad Company, Appellants.*

APPEAL — SERVICE OF NOTICE — PARTIES.

Under Laws 1893, p. 121, §5, notice of appeal must be served upon all parties appearing in the action and who do not join in the appeal, although they may in fact have been represented by the attorneys who represent appellant, unless after such appearance the action has been dismissed against them with the consent of the other parties thereto.

Appeal from Superior Court, Spokane County.— Hon. W. J. C. WAKEFIELD, Judge pro tem.   Appeal dismissed.

*John R. McBride* (*Ashton & Chapman*, of counsel), for appellants.

*Winston & Winston*, and *Plummer & Thayer*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought against the receivers of the Northern Pacific Railroad Company, the Northern Pacific Railroad Company, a corporation, and A. H. Simmons, all of whom appeared in the action. The said receivers are the only appellants. In taking their appeal they served notice upon the plaintiff only, and there was no service upon their co-defendants, nor did they in any way join in the appeal. For the reason that the defendants who did not appeal were not served with such notice, respondent has made a motion to dismiss.

That service of notice upon all parties who have appeared in an action is necessary to the perfecting of an appeal is clear from the language of § 5 of the act of 1893 relating to appeals. That such is the necessary construction of the language of this section has been so often decided by this court that it would be out of place to say anything further upon the subject. See *Dewey v. South Side Land Co.*, 11 Wash. 210 (39 Pac. 368); *Lamey v. Coffman*, 11 Wash. 301 (39 Pac. 682); *Johnson v. Lighthouse*, 8 Wash. 32 (35 Pac. 403); *National Bank v. Central Hotel Co.*, 4 Wash. 642 (30 Pac. 671).

And the necessity for such service is not removed by reason of the fact that the parties not appealing appeared in the superior court by the same attorneys as did the ones prosecuting the appeal. See *Traders Bank v. Bokien*, 5 Wash. 777 (32 Pac. 744).

It follows that the motion to dismiss must be granted, unless, by reason of the special relation of the parties not served to the trial in the court below, the statute does not apply. It is claimed on the part of the appellants that this relation was such that it was not necessary that they should be served with notice, and

in support of their contention the case of *Watson v. Sawyer*, 12 Wash. 35 (40 Pac. 413), is cited. In that case it was held that it was not necessary that certain defendants who had appeared only for the purpose of filing a disclaimer should be served with notice of appeal. It will be seen, however, by an examination, that the only allegation as to such defendants was that they claimed some interest in the property which was the subject matter of the action, and that no relief was sought against them except to have the claim of the plaintiff preferred to any which they might have in the premises. So that, when they had appeared in the action and disclaimed all interest in the property there was no longer any reason why they should be parties. The only object in making them parties was to subject any claim they might have to that of the plaintiff, and when they had appeared and shown that they had no claim, the object sought had been fully accomplished.

If, in the case at bar, the record disclosed the facts to have been, as claimed by the appellants, that the action had been dismissed, as to the defendants not served, with the consent of the plaintiff, there would be reason for contending that it came within the rule announced in the case above referred to. Said defendants, having been dismissed from the action, could no longer have any interest therein, and the plaintiff, having consented to such dismissal, could not thereafter claim any relief against them. But, unfortunately for the appellants, the record does not bear out their claim in this respect. From such record it nowhere appears that the plaintiff in any manners consented to the dismissal of the action as to the defendants not served, and the only fact which it can be claimed in any manner establishes a different *status*

as to these defendants from the co-defendants in any
case, is that the court disposed of the action as to them
before the cause was submitted to the jury, but that
fact alone could have no influence upon the right of
the plaintiff to further prosecute his claim against
them by appealing from the action of the court in
dismissing the suit as to them.

It follows that, at the time this appeal was prose-
cuted, there might have arisen a contingency in
which the plaintiff would seek to assert his rights
against the defendants not served, and this being so,
the fact that the action had been dismissed as to them
did not so terminate their connection with the suit as
to bring this case within the rule of *Watson v. Sawyer*,
*supra*. If the result of this appeal should be a re-
versal of the judgment against the appellants, the
plaintiff might desire to attack the ruling of the
court in dismissing the action as to the other defend-
ants. And if the time in which an appeal could be
prosecuted had not then expired, there would be
nothing to prevent his so doing. The result would
be that instead of the object of the statute—which was
to make it sure that the rights of all the parties should
be determined in a single appeal—having been ac-
complished, it would be possible that there would be
two or more appeals before the rights of all the parties
to the action would have been finally determined in
this court. The language of the statute above referred
to is so imperative that the court has no discretion in
the matter, but must hold that a party who has appeared
in an action is a necessary party to the appeal, unless,
after such appearance he has ceased to have any in-
terest in the action; such language can only be given
force by holding that an appeal is perfected only when
he has joined therein or been served with notice.

The motion to dismiss the appeal must be granted.

SCOTT, ANDERS and DUNBAR, JJ., concur.

GORDON, J., not sitting.