| 14 | 87 |
| 14 | 173 |
| 14 | 87 |
| 21 | 167 |

[No. 1945. Decided February 24, 1896.]

THE GRAY'S HARBOR COMMERCIAL COMPANY, *Respondent*, v. M. B. WOTTON *et al.*, *Appellants*.

#### APPEAL — NOTICE TO INTERVENOR.

An appeal will be dismissed where no notice has been served upon an intervening defendant, who has been recognized by the court and parties as a party in the case, even though there has been no formal order made allowing him to intervene.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge. Appeal dismissed.

*H. W. Lueders* (*J. B. Bridges*, of counsel), for appellants.

*Austin E. Griffiths*, for respondent.

The opinion of the court was delivered by

Scott, J.—This action was brought to foreclose a mechanic's lien and judgment being rendered for the plaintiff, certain of the defendants appealed. Respondent moves to dismiss on the ground that the notice of appeal was not served upon one Carlson, who had intervened in the action. It is conceded by appellants that Carlson was not served, but it is claimed that his attempted intervention was without leave of court and was disallowed, and that he never became a party, but the record fails to substantiate this claim. While no formal order allowing Carlson to intervene appears, his complaint in intervention was filed alleging that leave of court had been obtained, and no motion was made to strike the same by appellants or anyone. The record shows that several demurrers were filed to this complaint on the ground that it did not state a cause of action, and there is nothing to show that these demurrers have ever been disposed of, nor does it appear that the court has taken any action upon said complaint in intervention in any way. The only reference thereto which we have found in any order of the court, and none has been called to our attention by the parties, is in an order made by the superior court of King county allowing an assignee of certain of the defendants, who had instituted proceedings in insolvency, to appear in the superior court of Chehalis county and defend said action, and in giving the title of the cause in said order the original plaintiffs and defendants are mentioned and also C. F. Carlson as intervening defendant. Here was a direct recognition by the court, if any further was needed, that Carlson was a party to the case, and as such his claim should have been disposed of before an appeal

was prosecuted, and notice of appeal should have been served upon him.

Dismissed.

HOYT, C. J., and DUNBAR, J., concur.

GORDON, J., took no part.