[No 2360. Decided November 5, 1896.]

THE CORNELL UNIVERSITY, *Appellant*, v. THE DENNY HOTEL COMPANY, *Appellant*, FABIAN S. POTVIN, *Respondent*.

FABIAN S. POTVIN, *Respondent*, v. THE DENNY HOTEL COMPANY *et al.*, *Appellants*.

APPEARANCE — WHAT CONSTITUTES — WAIVER OF DEFAULT— APPEAL — SERVICE OF NOTICE — SUFFICIENCY OF — PARTIES.

The acceptance of service of a summons and complaint by an attorney for defendant and the endorsement thereon of appearance in the cause constitutes an appearance within the meaning of Code 1881, § 72, which provides that "a defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of an appearance for him."

The entry of a default against a defendant is waived by allowing him to participate in the subsequent proceedings in the cause, to serve and be served with motions, and by otherwise treating him as a party thereto.

Notice of appeal must be served on all parties who have appeared in the action, even though such appearance may not have been made until after the entry of a default against them.

Under Laws 1893, p. 121, § 5, where actual service of notice of appeal cannot be had upon a party or his attorney, the return of the sheriff to that effect is the only competent evidence of the fact sufficient to justify service upon the clerk in behalf of the party not found.

The fact that notice of appeal is served upon an attorney for a certain defendant will not charge him with notice on behalf of another defendant for whom he also appears as attorney.

The fact that an appeal involves two separate cases which had been consolidated pursuant to § 1674, Gen. Stat., will not warrant the supreme court in entertaining jurisdiction of the appeal from a single decree entered therein, when some of the defendants have not been served with notice of appeal, although there may be a proper service upon all the defendants in one of the cases as originally instituted.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge.    Appeal dismissed. ·

*Cole, Heaton & Dawes,* (*S. D. Halliday,* of counsel), for appellants.

*Stratton, Lewis & Gilman, James J. Easly, George E. DeSteiguer,* and *Wiley & Bostwick,* for respondents.

The opinion of the court was delivered by

GORDON, J.—A motion has been made on the part of certain respondents in this cause to dismiss the appeal upon several grounds hereinafter noticed.    It appears from the record that a building known as " The Denny Hotel," was constructed in the city of Seattle under contract between the Denny Hotel Company, as owner, and Fabian S. Potvin, contractor. Subsequent to the commencement of the work, the Cornell University, one of the appellants herein, made a loan of $100,000 to the hotel company, taking as security therefor a mortgage on the premises whereon the hotel was constructed.    A notice of lien was filed on the part of contractor Potvin, and various other lien notices were also filed by sub-contractors and material-men, among whom were Peter Stark, John Leck, and the Western Mill Company.    The parties last mentioned reduced their claims and liens upon the property to judgment, and subsequent thereto the appellant, Cornell University, commenced an action in the superior court for the foreclosure of its mortgage, making the contractor Potvin and all of the sub-contractors and material-men, including those whose claims and liens had been reduced to judgment, parties defendant in said foreclosure suit.    About the same time Potvin commenced an action in the same court for the foreclosure of his lien, making the university

company and hotel company parties defendant therein. These two actions were consolidated and tried together, the principal point in dispute being as to the priority of the lien claims and the mortgage of the university. Service of the summons and complaint in the action commenced by the Cornell University Company, plaintiff, was had upon Peter Stark, defendant therein, and an indorsement of service together with what purports to be an appearance of the defendant in the action is attached to the summons, and is in the following language:

"We hereby admit due personal service upon us of a copy of the summons and amended complaint in the above entitled action, *and enter our general appearance as defendants herein.* Dated at Seattle this 15th day of March, 1892. Lewis & Humphrey, Attorneys for Peter Stark."

Defendant John Leck was personally served with summons. The defendant, the Western Mill Company, through its attorneys, Lyon & Denny, filed a written notice of appearance in said action. Default was entered against defendant Leck on May 14, 1892, and the default of defendant Stark on July 14, 1892. Subsequently, the consolidated case was sent to a referee who made findings of fact and conclusions giving the lien of the Cornell University mortgage a preference over the liens of the various other claimants. To the findings and conclusions of the referee, Peter Stark, John Leck and the Western Mill Company, by their respective attorneys, excepted, and thereafter the University company gave the attorneys for each of said parties notice of its motion to confirm the report of said referee, and upon said last mentioned motion coming on for hearing each of said parties appeared and participated (in connection with the various other

parties to the cause) in the proceedings. The court set aside the report of the referee and entered findings and conclusions of its own, upon which judgment and decree was entered giving the various liens of Stark, Leck, the Western Mill Company, and other claimants, priority and preference over the lien of the mortgage held by the Cornell University. From this decree the Cornell University, the Hotel Company and Dexter Horton & Company have appealed.

The motion to dismiss is urged upon the ground that no service of the notice of appeal was made upon respondents Peter Stark, John Leck and the Western Mill Company. In opposition to the motion it is urged by the appellants that neither Stark nor Leck was entitled to notice of appeal; that they had not appeared in the action, and their defaults had been entered; and that as to the Western Mill Company substituted service of the notice of appeal, as provided by statute, was had. It is strenuously insisted that the acceptance of service of the summons and complaint and the so-called notice of appearance endorsed upon and attached thereto, does constitute an *appearance* within the meaning of § 72 of the Code of 1881, then in force. That section is as follows:

" A defendant *appears* in an action when he answers, demurs, *or gives the plaintiff written notice of his appearance,* or when an attorney gives notice of appearance for him."

On the contrary, we think that it fully complies with the letter and spirit of the statute and was an appearance. From what has already been stated it appears that respondent Stark actually participated in the proceedings, served exceptions and in turn was served with motions, by appellants' counsel, of subsequent proceedings, all of which was sufficient to con-

stitute not only an appearance in the action, but a waiver of the default which had theretofore been entered. *Hill v. Supervisor*, 10 Ohio St. 621; *Jones v. Jones*, 13 Iowa, 276.

And for like reasons the default of respondent Leck upon whom the summons had been personally served must be deemed vacated by the subsequent action of the parties.

As already noticed the attorneys for the Western Mill Company had given written notice of appearance in the action, and the appellants do not object to the sufficiency of its appearance. The notice of appeal is also directed to it as well as to respondents Stark, Leck and various other respondents. This notice of appeal was not served upon the mill company, but substituted service is relied upon.

Section 5 of the act of March 8, 1893 (Session Laws, p. 121), governing appeals, provides that,—

"Where the record and files in the cause do not disclose the address of a party on whom service should be made, or of his attorney, and neither such party nor his attorney can be found within the county in which the judgment or order appealed from was rendered or made (*of which fact a return by the sheriff that they cannot be so found shall be proof*), the notice of appeal need not be served on such party, but the appeal may be taken by filing the notice and such sheriff's return with the clerk."

Proof of substituted service in this case consists of an affidavit made by a private party, and is to the effect that neither the Western Mill Company nor its attorneys can be found within the county. But there is no return by the sheriff certifying that fact. We think the proof of service wholly insufficient. The statute has in explicit terms pointed out the method of procedure where actual service upon the party or

his attorney cannot be had, and has made "a return by the sheriff," the sole evidence, as we think, by which it is ascertained that actual service upon the party or his attorney cannot be made.  No attempt has been made to comply with this statute, and we are not at liberty to disregard its requirements.  Cases can be brought to this court only in the manner pointed out by the statute, and the method of procedure there provided is to the exclusion of all others.

It appears from the record that the attorneys for respondent Potvin were also attorneys for Leck.  Notice of appeal was served upon them as attorneys for Potvin, and it is contended that this was sufficient to charge them with notice on behalf of Leck whom they also represented.  The course of decision in this court is to the contrary.  *Traders' Bank v. Bokien*, 5 Wash. 777 (32 Pac. 744); *Dewey v. South Side Land Co.*, 11 Wash. 210 (39 Pac. 368); *Casey v. Oakes*, 13 Wash. 38 (42 Pac. 621).

Lastly, it is urged that even if Stark, Leck and the Western Mill Company did appear in the action and were not served with notice of appeal, nevertheless the court should retain the case and determine the rights of the other parties; that the appeal in this case involves two separate cases which had been consolidated and a single decree entered, and it is urged that the question of priority between Potvin and the Cornell University can be determined upon this appeal without affecting the rights of Stark, Leck or the Western Mill Company.  The failure to give notice to parties who have appeared in the action cannot be excused on the ground that the rights of appellants, and those upon whom the notice of appeal has been served can be determined without affecting the rights of parties not served.  The consolidation of the causes pur-

suant to § 1674, Gen. Stat. (Vol. 1 of the Code), brought all of the lien claims into one action, and their adjustment was effected by one decree. It was for the legislature to determine the manner in which causes should be brought to this court, and we have repeatedly held that "under the provisions of our statute all the parties who had appeared in the action in the court below must be made parties to the appeal, either by joining therein, or having notice thereof served upon them." *Traders' Bank v. Bokien, supra; Dewey v. South Side Land Co., supra; Bellingham Bay National Bank v. Central Hotel Co.,* 4 Wash. 642 (30 Pac. 671); *Johnson v. Lighthouse,* 8 Wash. 32 (35 Pac. 403); *Fairfield v. Binnian,* 13 Wash. 1 (42 Pac. 632); *Casey v. Oakes,* 13 Wash. 38 (42 Pac. 621); *Jones v. Sander,* 2 Wash. 329 (26 Pac. 224); *Cadwell v. First National Bank,* 3 Wash. 188 (28 Pac. 365).

Stark, Leck and the mill company were, as to the appellants, as much "prevailing parties" as is the respondent Potvin, and, if we were to sustain appellants' contention, "the result would be that instead of the object of the statute — which was to make it sure that the rights of all the parties should be determined in a single appeal — having been accomplished, it would be possible that there would be two or more appeals before the rights of all the parties to the action would have been finally determined in this court." *Casey v. Oakes, supra.*

Appeal dismissed.

DUNBAR and ANDERS, JJ., concur.

HOYT, C. J., disqualified.