[No. 2570.  Decided December 11, 1897.]

PACIFIC COAST TRADING COMPANY, *Appellant*, v. BEL-
LINGHAM BAY BASE BALL ASSOCIATION, *Defendant*,
FRANK E. BILES *et al.*, *Respondents*.

APPEAL — RECEIVER IN THE CAUSE A NECESSARY PARTY.

Upon appeal from an order in a cause in which a receiver had
theretofore been appointed, the receiver is a necessary party and
entitled to be served with notice of the appeal.

Appeal from Superior Court, Whatcom County.—Hon.
JOHN R. WINN, Judge.  Appeal dismissed.

*Kerr & McCord*, for appellant.

*E. M. Day*, and *G. V. Alexander*, for respondents.

The opinion of the court was delivered by

GORDON, J.—In October, 1891, the appellant com-
menced an action in the superior court for Whatcom coun-
ty to recover of the defendant Bellingham Bay Base Ball
Association, a corporation, a balance upon an open account,
amounting to $525.  In its complaint appellant alleged that
the defendant corporation was insolvent and asked for the
appointment of a receiver, who qualified, collected about
$170, and was discharged before the distribution of the
money so collected by him was made.  Thereafter the re-
spondents, who were judgment creditors of the defendant,
petitioned the court for the appointment of another receiv-
er, and the appointment was made.

On January 9, 1897, an order was made which adjudged
the claim of the plaintiff barred by the statute of limita-
tions, and directed the receiver to distribute among the
other creditors (respondents herein) the fund then on hand.
The appeal is from that order and judgment.

It does not appear from the record that the defendant, the Bellingham Bay Base Ball Association was ever served with summons, or that it ever appeared in the action.

The respondents have moved to dismiss the appeal for the reason that no notice thereof was served upon the receiver. We think the motion must be granted. The receiver was a proper party and entitled to be served with notice.

It follows that the motion must be granted and the appeal dismissed.

DUNBAR and REAVIS, JJ., concur.