[No. 7544. Decided October 15, 1908.]

## HENRY SIPES, *Respondent*, v. PUGET SOUND ELECTRIC RAILWAY COMPANY, *Appellant*.[1]

APPEAL—NOTICE—SERVICE UPON CO-PARTY—NECESSITY — JURISDIC- TION—DISMISSAL OF APPEAL. Where judgment is entered in a per- sonal injury case upon a verdict in favor of plaintiff, against one defendant for damages, and in favor of a co-defendant for costs, and appeal is taken by the unsuccessful defendant, failure to serve the notice of appeal upon the co-defendant, as required by Bal. Code, § 6504, does not deprive the supreme court of jurisdiction or work a dismissal of the appeal; since Bal. Code, § 6503, provides that ser- vice of the notice upon the prevailing party shall effect the appeal; and since such co-party has no right to appeal and no interest in the appeal taken, and the same does not go to the substance, or to the right to appeal, under Laws 1899, p. 79, which provides for the denial on terms of motions to dismiss which do not go to the substance or to the right to appeal, and for amendments to cure defects, and that appeals shall not be dismissed for informalities or defects in the notice or service if the appeal be forthwith perfected.

SAME—CURING DEFECTS—PROOF OF SERVICE ON CO-PARTY—PARTIES REPRESENTED BY SAME ATTORNEY. Upon a motion to dismiss an appeal for failure of the appellant to serve notice upon a co-party in whose favor judgment had been given, an affidavit showing that the co-party was represented by the same attorneys as the appellant, that they prepared the notice of appeal and at all times had a copy in their possession as attorneys for the co-party, and had notice of the appeal, and the co-party had no intention to join therein, cures any defect, and shows sufficient service and proof thereof, under Laws 1899, p. 79, providing that the supreme court shall disregard all ob- jections not going to the substance or to the right to appeal and that no appeal shall be dismissed for defect in the notice or service if the appellant shall forthwith perfect the appeal.

APPEAL—NOTICE—FILING PROOF OF SERVICE. Proof of service of notice of an appeal upon a co-party need not be filed within five days limited for filing proof of service upon the prevailing party.

Motion to dismiss an appeal from a judgment of the supe- rior court for King county, Albertson, J., entered April 11, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Denied.

[1]Reported in 97 Pac. 723.

*John E. Ryan,* for respondent.

*James B. Howe, Hugh A. Tait,* and *A. J. Falknor,* for appellant.

CROW, J.—This action was commenced by Henry Sipes against the Puget Sound Electric Railway Company, a corporation, and W. S. Dimmock, to recover damages for personal injuries. The defendants appeared by the same attorneys, but answered separately. On a jury trial a verdict was returned, upon which judgment was entered in favor of the plaintiff and against the Puget Sound Electric Railway Company, for $7,000 damages, and judgment was also entered in favor of the defendant W. S. Dimmock against the plaintiff, Henry Sipes, for costs. The defendant the Puget Sound Electric Railway Company has appealed.

The respondent has moved this court to dismiss the appeal for the reasons, that no notice thereof has been served upon the defendant W. S. Dimmock, who appeared and defended the action; that he has not joined in the appeal, and that this court has no jurisdiction. The respondent bases his motion to dismiss on Bal Code, § 6504 (P. C. § 1052), which provides that,

"When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served . . . . upon all parties who have appeared in the action or proceeding."

He insists that the defendant Dimmock having appeared, the requirement of the statute for service upon him is jurisdictional, and that failure to make such service vitiates the appeal. In support of this contention, he cites the following cases, decided by this court prior to the enactment of chapter 49, Session Laws of 1899, page 79, which amends § 19 of the act relating to appeals to the supreme court, and to which reference is hereinafter made: *Cline v. Mitchell,* 1 Wash. 24, 23 Pac. 1013; *Nelson v. Territory,* 1 Wash. 125, 23 Pac. 1013; *Jones v. Sander,* 2 Wash. 329, 26 Pac. 224; *Cadwell*

*v. First Nat. Bank, North Yakima,* 3 Wash. 188, 28 Pac.
365; *Bellingham Bay Nat. Bank v. Central Hotel Co.,* 4
Wash. 642, 30 Pac. 671; *Traders' Bank of Tacoma v. Bokien,*
5 Wash. 777, 32 Pac. 744; *Johnson v. Lighthouse,* 8 Wash.
32, 35 Pac. 403; *Dewey v. South Side Land Co.,* 11 Wash.
210, 39 Pac. 368; *Fairfield v. Binnian,* 13 Wash. 1, 42
Pac. 621; *Casey v. Oakes,* 13 Wash. 38, 42 Pac. 621; *Grays
Harbor Commercial Co. v. Wotton,* 14 Wash. 87, 43 Pac.
1095; *Cornell University v. Denny Hotel Co.,* 15 Wash.
433, 46 Pac. 654; *Pacific Coast Trading Co., v. Belling-
ham Bay Baseball Assn.,* 18 Wash. 245, 51 Pac. 382; *Hop-
kins v. Satsop R. Co.,* 18 Wash. 679, 52 Pac. 349; *Old
Nat. Bank v. O. K. Gold Min. Co.,* 19 Wash. 194, 52 Pac.
1065; *Home Sav. & Loan Ass'n. v. Burton,* 20 Wash. 688,
56 Pac. 940; *Smith v. Beard,* 21 Wash. 204, 57 Pac. 796.

The appellant contends that under the express provisions
of Bal. Code, §§ 6503 and 6504 (P. C. §§ 1051, 1052), Dim-
mock is not a necessary party to this appeal. Section 6503
provides:

"If the appeal be not taken at the time when the judgment
or order appealed from is rendered or made, then the party
desiring to appeal may, by himself or his attorney, within the
time prescribed in section 6502, serve written notice on the
*prevailing party or his attorney* that he appeals from such
judgment or order to the supreme court, and within five days
after the service of such notice he shall file with the clerk of
the superior court the original or a copy of such notice, with
proof or the written admission of the service thereof, and
thereupon the clerk shall enter such notice, with the proof or
admission of service thereon, in the journal of the court. The
giving or serving of a notice of appeal as *prescribed in this
section* shall effect the appeal, . . . ."

This language is susceptible only of the construction that
the service of notice of appeal on the prevailing party, who
in this case was the respondent and not the defendant Dim-
mock, followed by the filing of proof of such service within
five days thereafter, is all that is necessary in the matter of

notice and service, to effect the appeal and give this court jurisdiction. Dimmock was a successful litigant. There was no order from which he could appeal, and we fail to understand how the neglect to serve him with appellant's notice deprived any party of benefits to be derived from the appeal, or prevented the respondent from perfecting an appeal in his own behalf against the defendant Dimmock. While it is true that § 6504 directs that service be made upon all parties who have appeared, it is apparent that the sole purpose of such notice to appearing parties, other than the prevailing one mentioned in § 6503, was that in the event of their having an interest in the appeal, they might join therein, if they so desired. In other words, the object of the statute was to require all interested parties to jointly prosecute their appeals and cross-appeals instead of bringing them to this court by piecemeal. It is true that, in some of the earlier cases above cited by respondent, this court technically enforced Bal. Code, § 6504, by dismissing appeals for failure to serve notice on all parties who had appeared. A more liberal construction, however, should now be placed upon said section by applying thereto the provisions of chap. 49, Laws 1899, page 79, since enacted, which are, that upon the hearing of a motion to dismiss an appeal which

"does not go to the substance of the appeal, or to the right of appeal, and the court shall be of the opinion that the moving party can be compensated in costs or by the imposition of other terms for any delay of the appellant which is made the ground of any such motion, . . . . the court in its discretion may deny the motion on such terms as may be just. The court shall upon like terms allow all amendments in matters of form curative of defects in proceedings, to the end that substantial justice be secured to the parties, and no appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service of either thereof . . . if the appellant shall forthwith, upon order of the supreme court, perfect the appeal."

This statute is broad in its scope, and while in *State v. Seaton,* 26 Wash. 305, 66 Pac. 397, we have held that it did

not relieve an appeal from jurisdictional defects arising out of failure to comply with certain mandatory provisions, we have since its enactment granted relief in other cases to appellants from defects which, not being jurisdictional, did not affect the substance of the appeal, or the right to appeal. See, *Brown v. Calloway*, 34 Wash. 175, 75 Pac. 630; *James v. James*, 35 Wash. 650, 77 Pac. 1080; *Westland Publishing Co. v. Royal*, 36 Wash. 399, 78 Pac. 1096; *Reynolds v. Reynolds*, 42 Wash. 107, 84 Pac. 579.

The condition of the record before us shows that the failure of the appellant to serve its notice of appeal upon Dimmock does not go to the substance of the appeal, nor to the right of appeal. Dimmock was satisfied with the judgment in his favor. Not being an aggrieved party, he could not appeal. Failure to serve him deprived him of no rights, neither did it prevent the respondent Sipes from appealing as against Dimmock, either by original or cross-appeal. How, then, would the presence of Dimmock aid this court in disposing of the issues arising on this appeal between the respondent Sipes and the appellant, the Puget Sound Electric Railway Company, or how could his absence interfere with a complete administration of justice as between them? Evidently the failure to serve him does not, on the record now before us, create any jurisdictional defect in the appeal of the Puget Sound Electric Railway Company for which it should be dismissed.

The respondent, however, citing the following additional cases, decided by this court since the enactment of the statute of 1899, insists on their authority that the appeal should be dismissed. *First Nat. Bank of Seattle v. Gordon Hardware Co.*, 31 Wash. 682, 72 Pac. 464; *Wax v. Northern Pac. R. Co.*, 32 Wash. 210, 73 Pac. 380; *O'Conner v. Lighthizer*, 34 Wash. 152, 75 Pac. 643; *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802; *Willard v. Fisher*, 36 Wash. 229, 78 Pac. 917; *Collins v. Kinnear*, 37 Wash. 453, 79 Pac. 995. An examination of these cases and the orig-

inal records on which the motions to dismiss were made, shows either (1) that a judgment had been entered against the party who had appeared and was not served with notice of appeal, or (2) that the party not served had a material interest in the prosecution of the appeal, or (3) that this court refused to dismiss the appeal. It appearing that no judgment has been entered against Dimmock from which he can prosecute either an original or cross-appeal, and that he has no interest in the appeal now being prosecuted by the Puget Sound Electric Railway Company, we conclude that, in view of the statute of 1899, these cases do not require us to enter an order of dismissal herein.

In the lower court, attorneys James B. Howe and Hugh A. Tait represented the appellant company and also the defendant Dimmock. The notice of appeal was prepared by Mr. Tait and signed by them for the Puget Sound Electric Railway Company. At all times since July 7, 1908, the date of its service on respondent, and its filing in the superior court, a copy of the notice has been in their possession, they being also attorneys for the defendant Dimmock, and as such attorneys they have at all times since had full knowledge of the appeal taken by the Puget Sound Electric Company, of its service upon respondent and of the filing of proof of such service. After the filing, but prior to the hearing of respondent's motion to dismiss, the appellant caused the following acceptance of service to be filed in the lower court, and transmitted to this court by supplemental record:

"We, the undersigned, James B. Howe and Hugh A. Tait, attorneys of record for the above named defendant W. S. Dimmock, now, on this 1st day of September, 1908, hereby acknowledge and accept, as of the 7th day of July, 1908, due service of the notice of appeal to the supreme court of the state of Washington, given in said action on said 7th day of July, 1908, by the defendant therein Puget Sound Electric Railway, a copy of said notice of appeal served on the plaintiff's attorney on said 7th day of July, 1908, being on said 7th day of July, 1908, and ever since said date, in our

possession as attorneys for said W. S. Dimmock. James B.
Howe, Hugh A. Tait, Attorneys for defendant W. S. Dim-
mock."

Attached to this acceptance, is the undisputed affidavit of
Mr. Hugh A. Tait, in which he in substance states, that he
had been at all times since the commencement of the action
attorney for appellant Puget Sound Electric Railway Com-
pany and defendant W. S. Dimmock; that he has had ex-
clusive charge of the cause; that he prepared all pleadings
and papers therein for both defendants; that he tried the cause
for them; that the notice of appeal to the supreme court
given in the cause by the Puget Sound Electric Railway Com-
pany was prepared by him; that he, as one of the attorneys
for the defendant Dimmock, had full knowledge of such ap-
peal from the judgment in favor of respondent and against
the Puget Sound Electric Railway Company; that on July
7, 1908, the day on which the Puget Sound Electric Railway
Company gave its notice of appeal, he, as attorney for W. S.
Dimmock, had, and ever since has had, in his possession a
copy of the notice of appeal, and that it has never been Dim-
mock's purpose or intention to take an appeal in the cause,
or to join in or contest any appeal taken by any other party.
The fact that attorneys for the appellant Puget Sound Elec-
tric Railway Company were also attorneys for the defendant
Dimmock did not debar them as attorneys for appellant from
serving themselves with the notice of appeal as attorneys for
Dimmock, there being no conflict of interest between
their clients. *Smalley v. Laugenour*, 30 Wash. 307, 70 Pac.
786; *Woelflen v. Lewiston-Clarkston Co.*, 49 Wash. 405, 95
Pac. 493.

Under the provisions of the statute of 1899, we conclude
that the above-quoted acceptance and proof of service suf-
ficiently cures any alleged defect in the service or the proof
of service of the notice of appeal upon Dimmock. In *How-
ard v. Shaw*, 10 Wash. 151, 38 Pac. 746, decided prior to
the enactment of the statute of 1899, this court, on a similar

state of facts, denied a motion to dismiss. The original record in that case shows that two foreclosure actions had been consolidated; that in one of them judgment was sought against A. M. Murphy, J. F. McEwen, and one Wilson, all of whom appeared by the same attorney and answered and defended, and that final judgment affecting all of their interests was entered in favor of the respondent Howard, one of the foreclosure plaintiffs. Murphy alone appealed. He neither directed his notice of appeal to McEwen or Wilson, the other appearing defendants, nor did he file any proof of service upon them on April 30, 1894, the date on which he filed the notice of appeal, with proof of service on Howard, the *prevailing* party. On August 15, 1894, the attorney who had appeared for Murphy, and also for McEwen and Wilson, filed a proof of personal service upon them, dated April 30, 1894, and acknowledged by himself as their attorney. The respondent Howard moved to dismiss the appeal, and in support of this motion contended that, under Bal. Code, § 6503, proof of service upon McEwen and Wilson should have been filed within five days after service upon them. Proof of service on Howard the prevailing party had been filed within five days. Appellant's attorney in his brief made the following argument in support of his appeal:

"In this connection we call the court's attention to the fact that section 4, page 121, Laws of 1893 (Bal. Code, § 6503), provides that the notice of appeal with proof of service upon the prevailing party (in this case Howard) shall be filed with the clerk of the superior court within five days after service; but that section does not provide that proof of service of the notice of appeal upon the other parties to the action shall be filed within such time. Section 5 of the act (Bal. Code, § 6504), provides that service of notice of appeal shall be made upon the other parties to the action who have appeared, but it does not provide within what time after service such proof shall be filed. . . . The only important thing is that such proof should be filed before the hearing in the supreme court, so that it may appear that the supreme court has jurisdiction of the cause. We respectfully submit that

it was not the intention of the legislature that proof of service of notice upon parties who had not prevailed in the court below should be filed with the clerk of the superior court within the time limited for filing proof of service of notice upon the prevailing party."

While the above facts, which we state from the original record, are not detailed in the opinion of this court, it is apparent from them when stated that the contention of the appellant in the case now before us was there sustained. In denying the motion of the respondent Howard to dismiss, this court said:

"Proof of service of the notice of appeal upon the *prevailing* party was filed within five days after the service. This, with the filing of the bond, effected the appeal. Laws 1893, Ch. 61, § 4 (p. 120). The act does not prescribe when proof of the service upon co-parties with the appealing party shall be filed. Id. § 5 (p. 121)."

Messrs. Howe and Tait, attorneys for Dimmock, had at all times full knowledge of the appeal taken by them on behalf of their other client the Puget Sound Electric Railway Company. At all times since July 7, 1908, the notice of appeal has been in their possession, the proof of service now on file shows that fact, and is sufficient to sustain the appeal, under the authority of *Howard v. Shaw*, as elucidated by the record in that case. Since the enactment of the statute of 1899 substantially the same holding has been made by this court. In the case of *In re Murphy's Estate*, 26 Wash. 222, 66 Pac. 424, the prevailing parties were the heirs of an estate. The attorney who represented the administrator also represented the heirs, all of whom had appeared, but the notice of appeal was acknowledged by him only as attorney for the administrator. After commenting upon and quoting from the law of 1899 and the case of *Home Savings & Loan Assn. v. Burton*, 20 Wash. 688, 56 Pac. 940, this court said:

"Certainly it cannot be said that Mr. Agnew, the attorney of record for the heirs, and who now appears here as the at-

torney of the administrator, Filley, to dismiss for want of proper notice, did not have sufficient notice. His knowledge as attorney for Filley cannot be segregated from his knowledge as attorney for the heirs, who were of the prevailing parties."

Prior to the law of 1899, this court held that failure to file proof of service upon the adverse party within five days was sufficient ground for dismissal of the appeal. *Puckett v. Moody*, 17 Wash. 609, 50 Pac. 494. As an illustration, however, of the relaxing effect of the 1899 amendment upon the prior law relating to appeals, the case of *Reynolds v. Reynolds*, 42 Wash. 107, 84 Pac. 579, may be cited. In that case this court said:

"It is conceded in this case that a proper notice was served within time, and that proof thereof was subsequently made, but not within time. This later statute was evidently intended to cover such cases. Since the appeal appears not to have been delayed, or respondents injured in any way, the motion to dismiss is denied without terms."

See, also, *Main Investment Co. v. Olsen*, 43 Wash. 480, 86 Pac. 657.

We think the earlier cases from this court cited by respondent, decided prior to the enactment of the statute of 1899, do not, in view of that statute, require us to enter an order dismissing this appeal. We so hold for the following reasons: (1) That, upon the record before us, the alleged defect arising from the want of service on the defendant Dimmock does not affect the substance of the appeal, nor the right to appeal; (2) that the defendant Dimmock has no substantial interest in the appeal now being prosecuted by the Puget Sound Electric Railway Company; and (3) that, in any event, the possession of the notice of appeal by Dimmock's attorneys, who made and served it as attorneys for the appellant the Puget Sound Electric Railway Company, was sufficient service on them as Dimmock's attorney to be actual notice of the appeal taken, and that the proof of service on Dim-

mock filed on September 1, 1908, is sufficient filing of proof of the service, mentioned in § 6504, upon a party who had appeared but who was not the *prevailing* party in the judgment from which the appeal was taken.

The motion to dismiss is denied.

HADLEY, C. J., DUNBAR, MOUNT, and ROOT, JJ., concur.

RUDKIN, J. (concurring)—As stated in the opinion of Mr. Justice Crow, it was held in a number of early cases in this court that the provision of Bal. Code, § 6504 (P. C. 1052), requiring the service of the notice of appeal on all parties who appeared in the action, was mandatory, and that the service of the notice of appeal on all such parties was jurisdictional. If these rulings are correct, the failure to serve the notice of appeal on the defendant Dimmock in this case is not cured by the act of 1899, for we have repeatedly held that the latter act does not cure jurisdictional defects. The numerous cases in which appeals have been dismissed for failure to give an appeal and supersedeas bond in double the amount of the judgment below and the $200 additional, are illustrations. In my opinion, however, the legislature never contemplated the service of a notice of appeal on parties who could not appeal or join in an appeal, and whose rights could in no manner be affected by any action the appellate court might take. We have so held in effect where parties appeared to disclaim, or were dismissed by consent, or where their claims were satisfied. *Doyle v. McLeod*, 4 Wash. 732, 31 Pac. 96; *McEachern v. Brackett*, 8 Wash. 652, 36 Pac. 690, 40 Am. St. 922; *Watson v. Sawyer*, 12 Wash. 35, 40 Pac. 413, 41 Pac. 43; *First Nat. Bank of Seattle v. Gordon Hardware Co.*, 30 Wash. 127, 70 Pac. 251; *Smalley v. Laugenour*, 30 Wash. 307, 70 Pac. 786; *Sheehan v. Bailey Building Co.*, 42 Wash. 535, 85 Pac. 44.

I therefore concur in the result.

FULLERTON, J., concurs with RUDKIN, J.