[No. 20165.  In Bank. — September 30, 1887.]

A. D. JANUARY, PETITIONER, v. SUPERIOR COURT OF SACRAMENTO COUNTY, RESPONDENT.

PRACTICE— SERVICE OF NOTICE—ABSENCE OF ATTORNEY FROM OFFICE — CONSPICUOUS PLACE. — In the absence of an attorney from his office, the service of a notice on him is sufficiently made by depositing a copy thereof through the door of his office into a postal-box which had been placed there for the reception of documents. Such a postal-box is a "conspicuous place," within the meaning of section 1011 of the Code of Civil Procedure.

CRIMINAL LAW — BILL OF EXCEPTIONS — TRANSCRIPT OF REPORTER'S NOTES — REFUSAL TO SETTLE. — A bill of exceptions in a criminal case, which merely consists of a transcript of the reporter's notes of the evidence and proceedings, is defective in form, and the court is justified in refusing to settle it.

ID. — AMENDMENT OF BILL — PRESENTATION FOR SETTLEMENT — TIME FOR — DISCRETION. — A bill of exceptions in a criminal case which had been

prepared in time, and properly left with the clerk for the judge, was refused settlement on account of its defective form. The attorneys for the defendant, without notice to the district attorney or to the judge, and without their consent, thereupon took the bill, separated the pages thereof, and inserted a statement of the evidence in narrative form. The bill as thus amended was delivered to the clerk about three months after the expiration of the time allowed for its presentation, and notice given to the district attorney that it would be presented to the judge for settlement. *Held*, that the bill as amended was a new bill, and that the refusal of the court to settle it on account of the delay in its presentation was not an abuse of discretion.

APPLICATION for a writ of mandate to compel the Superior Court of Sacramento County to settle a bill of exceptions in a criminal case. The facts are stated in the opinion of the court.

*A. Green Curtis, John H. McKune,* and *Henry Edgerton,* for Petitioner.

*Attorney-General Johnson,* for Respondent.

PATERSON, J. — The first bill of exceptions was prepared in time, and properly left with the clerk for the judge. The service of the notice, which was made by depositing a copy thereof through the door into the postal-box which had been placed there for the reception of documents, was sufficient. It cannot be said that a box so clearly designated by an attorney as the proper place for the deposit of letters and papers during his absence from the office is not a "conspicuous place" within the meaning of section 1011 of the Code of Civil Procedure.

The bill as originally presented was a transcript of the reporter's notes of the evidence and proceedings, and the court was justified in refusing to settle it. It is claimed, however, that he should have ordered a statement in narrative form. This he did not do, nor did he give any one authority to change or amend the statement which had been presented. Counsel for defendant asked permission of the judge to revise the bill by re-

ducing the evidence to a narrative form, but were informed by the respondent that he would take no action without notice to or in the presence of the district . attorney. Thereupon defendant's attorneys, without notice to the district attorney or to respondent, took the bill, separated the first ten and last fifteen pages therefrom, and between these two portions introduced a statement of evidence in narrative form. This new bill as prepared was delivered to the clerk on the twelfth day of November, 1885, and notice given to the district attorney that it would be presented to the judge for settlement on the sixteenth day of November, 1885. On the last-named date, the district attorney appeared and objected to the settlement or allowance of the bill, on the grounds that the document presented for settlement was not the bill of exceptions left with the clerk on the 18th of August, 1885; that since the filing of the original bill of exceptions with the clerk, the same had been mutilated, portions torn out, and new matter put in; that the time for filing the bill of exceptions had long since expired, and no order extending the time had been made; that the original bill filed was improper in form and substance.

The judge heard the evidence as to the facts alleged in these objections, found the same to be true, sustained the objections, and refused to settle the bill, saying: " Now, with reference to the bill, as proposed and introduced on the twelfth day of November, this bill must doubtless be held, to all intents and purposes, to be a new bill. . . . . The body of the bill was entirely changed, new matter inserted, and the bill, in its revamped form, again presented for settlement upon formal notice to·the district attorney. It will have to be considered, therefore, from the stand-point of a newly proposed bill, presented at a date subsequent to the expiration of the time allowed for that purpose; defendant's time, as allowed by the court, within which he could regularly present his bill, having

unquestionably expired August 20th. Defendant contends that the mere fact that his bill was presented after a lapse of the time allowed is not of itself sufficient to deprive him of the right to have it settled; that the statute is directory merely; that it is a matter of discretion with the judge whether he will settle it or not, and that he should settle the bill, notwithstanding the delay. . . . . The discretion, however, which is to be exercised by the court or judge is intended to be a sound judicial discretion, founded upon a just and legal ground of excuse as contradistinguished from mere arbitrary assertion of personal will power on the part of the individual. The evidence shows that the defendant in this case was afforded, in addition to the time allowed by the statute, a very generous period within which to prepare and serve his bill of exceptions; the time being repeatedly extended by the judge upon the application of his counsel. . . . . At the eleventh hour he presents for the consideration of the court a proposed bill in a form which he must have been aware—in fact, was bound to know—could not be entertained or allowed." The judge then went on to speak of the manner in which the new bill had been prepared, without excuse for the delay, and concluded that it would be an abuse of judicial discretion, in view of the decisions of the Supreme Court in *People* v. *Sprague*, 53 Cal. 422, and *People* v. *Getty*, 49 Cal. 580, to allow or settle the bill. The second bill having been prepared by mutilating the original bill, without the consent of the court or the district attorney, we think the judge was right in treating it as he did, as essentially a new bill, filed without authority of law or permission of the court; and we cannot say that there was an abuse of discretion in refusing to settle the same.

Application denied; alternative writ dismissed.

SEARLS, C. J., McFARLAND, J., and McKINSTRY, J., concurred.

TEMPLE, J., and SHARPSTEIN, J., dissented.