[No. 1027.   Decided January 9, 1894.]

FRANK L. JOHNSON et al., Respondents, v. J. C. LIGHT-
HOUSE et al., Appellants.

APPEAL — NOTICE — PREMATURE JUDGMENT.

An appeal will be dismissed when one of the parties to the ac-
tion has not been served with notice of the appeal.

An appeal will not lie from a judgment which fails to dispose of
all the defendants in the action, either by dismissal or by an affirm-
ative judgment.

Appeal from Superior Court, Whatcom County.

*Callvert*, *Neterer & Cade*, for appellants.
*Bruce & Brown*, for respondents.

The opinion of the court was delivered by

STILES, J.— Respondents move to dismiss the .appeal because of appellants' failure to serve one of the defendants in the action, the Pacific Loan, Trust & Investment Company, which appeared in the action, with notice of the appeal. The point is well taken, and must be sustained. Code Proc., § 1406; *National Bank v. Central Hotel Co.*, 4 Wash. 642 (30 Pac. 671); *Traders' Bank v. Bokien*, 5 Wash. 777 (32 Pac. 744).

There is also another ground of dismissal which we find from the record, and which existed when the appeal was taken. This was an action to foreclose a material man's lien upon property of which the appellant Lighthouse and his wife were the owners. The Pacific Loan, Trust & Investment Company and a number of other parties were made defendants, under an allegation in the complaint that they were either contractors or parties who claimed to have or hold some interest in the property adverse to the claim and interests of the plaintiffs, but junior and inferior to the plaintiffs' claim. Whether all of these defendants were served with process or not does not appear; but, in addition to the principal defendants and the Pacific Loan, Trust & Investment Company, three other defendants appeared.

The Pacific Loan, Trust & Investment Company filed a demurrer to the complaint, which was never disposed of; the other three defendants filed answers; all of the defendants, except the one mentioned, were served with notice of the appeal, and they all, by their attorneys, admitted service and were present and took part in the settlement of the statement of facts. No default or other conclusion of the rights of any of these defendants, except Lighthouse

and wife, was entered, and, for aught that appears, they may still be litigating the claim of respondents against them.

The decree runs against the owners and contractors only, and leaves the other defendants without any adjudication whatever, and was therefore premature and partial only. No judgment purporting to be a final decree should have been entered until all the defendants were disposed of, either by dismissal or by an affirmative judgment of some kind.

From the general aspect of the case, and from statements of counsel, we gather that this was but one of a large number of lien claims filed by the several defendants, and that the other claimants were made defendants for the purpose of cutting them off from a participation in the proceeds of a sale. But each of these defendants commenced a similar foreclosure action for himself, instead of answering in this case, and when all of the cases were before the court it consolidated them for the purpose of trial. In such a case it was proper enough to enter a separate interlocutory decree establishing the lien of each claimant establishing a right thereto, but there should be but one final decree ordering a sale and application of the proceeds. There would be nothing in this course preventing a separate appeal by any claimant, owner or contractor from so much of the decree as affected him, upon so much of the record as was pertinent; but the time for appeal and settlement of statement would not begin to run until the final decree was entered, the costs of the foreclosure would be greatly lessened, and inevitable confusion would be avoided.

Upon both grounds specified the appeal is, therefore, dismissed.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.