DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 1953.   Decided November 4, 1895.]

JOHN FAIRFIELD et ux., Respondents, v. HENRY BIN-
NIAN et al., Appellants.

NOTICE OF APPEAL — SERVICE — RIGHT OF INTERVENOR TO NOTICE.

An affidavit of appellant, filed as a supplement to the record,
which alleges that notice of appeal was served upon a respondent
"by delivering and leaving at the office of [his attorneys] a true
copy of said notice of appeal," does not sufficiently prove the ser-
vice as prescribed by the statute.

An appeal will not lie from a judgment which fails to dispose of
all the defendants in the action, either by dismissal or by an affirm-
ative judgment.

Where a party has been allowed by the court to intervene in an
action, he is as much a party in interest as the parties who had
originally appeared in the action, and is entitled to a notice of ap-
peal from any judgment upon the issues raised by the original
parties.

Appeal from Superior Court, King County.—Hon. J.
W. LANGLEY, Judge.   Appeal dismissed.

Burt J. Humphrey, and C. E. Bowman, for appel-
lants.

Bausman, Kelleher & Emory, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—It is sufficient to state for the purposes of this opinion that, in the action to restrain the foreclosure of a chattel mortgage brought by respondents John Fairfield and Flora E. Fairfield against Henry Binnian—James H. Woolery being made a party defendant—one James P. Oberteuffer obtained an order from the court allowing him to intervene in the action, and on the same day served on the appellants and on the respondents his complaint in intervention, in which he asked for a money judgment against these respondents, and also for the foreclosure of a certain chattel mortgage against the same property affected by the mortgage of appellant Binnian, and asked that the interests of the appellant Binnian be made subsequent to his own interests.

Before the trial of the cause the appellants answered the complaint in intervention and the respondents demurred thereto. The trial of the action took place on the 24th day of April, 1895, with the record in the same situation with regard to Oberteuffer's complaint in intervention, and judgment was rendered on the 13th day of May, 1895, in favor of these respondents, no trial of the issues raised by the intervenor and the other parties to the action having been had.

An appeal was taken to this court, and the notice of the appeal was served only upon the respondents, John Fairfield and Flora E. Fairfield, at least no proof of notice of service upon the intervenor Oberteuffer was made with the proof of service upon the respondents. Upon this state of the record, respondents move to dismiss this appeal upon the ground that all the parties in interest have not been served with a notice of the appeal. It appears, however,

from the record, that some four months subsequent to the filing of the proof of notice of service upon the respondents, the appellants supplemented the record by a detached affidavit, which is in the following language:

"State of Washington,⎫ ss.
    County of King.    ⎬
Burt J. Humphrey being duly sworn on oath deposes and says that he is one of the attorneys for the defendants in the foregoing action, that on the 20th day of May, 1895, he served a notice of appeal in the foregoing entitled action on the intervenor James P. Oberteuffer, by delivering and leaving at the office of Coleman and Quinby, attorneys for said intervenor, a true copy of said notice of appeal."

It is contended by the appellant that this case falls within the rule announced by this court in *Howard v. Shaw*, 10 Wash. 151 (38 Pac. 746). All that was decided in that case was that proof of service of the notice of appeal upon the *prevailing* party must be filed within five days after service, but that proof of service upon co-parties with the appealing party might be filed subsequently. But the trouble in this case is that there is no proper proof of service upon the intervenor at all. The affidavit does not show that the notice of the appeal was served within the hours prescribed by the law, or that it was served in the manner prescribed by law. So far as this affidavit is concerned, this notice may have been left in the office of these attorneys at midnight, or it may have been placed in some obscure corner or pigeon hole in the office, where it might slumber unobserved for an indefinite length of time. It must be concluded from the record that no service has been made upon the intervenor in this case; and under the authority of

*Johnson v. Lighthouse,* 8 Wash. 32 (35 Pac. 403), which decided that an appeal will not lie from a judgment which fails to dispose of all the defendants in the action either by dismissal or by an affirmative judgment, this appeal must be dismissed.

It is urged by the appellants that an intervenor stands in a different relation from an ordinary party to an action. Some color is given to this contention by the proviso attached to § 157 of the Code of Procedure, which is to the effect that no intervention shall be cause for delay in the trial of an action between the original parties thereto beyond the term to which the action is brought. This statute was enacted during our territorial existence, when terms of court were prescribed by law, and while it may be somewhat inconsistent with the other provisions of the statute in relation to intervention, yet the statute generally allows an intervention, and specially provides the mode of procedure.

Section 156 of the Code of Procedure provides that the leave to intervene may be obtained of the court or judge on the *ex parte* motion of the party desiring to intervene, and the theory of the law probably was that if the court should discover from the application that an intervention would necessitate the carrying of the case beyond the term of court, such intervention would be denied; but in the case at bar the intervention was granted, and after the party had been allowed to intervene and file his pleadings in the cause, and his complaint had been answered by at least one of the parties to the action, he was as much a party to that action as the parties who had originally appeared in the action.

It might eventuate that the final determination of the questions involved in this cause would absolutely

deprive the intervenor of any remedy.   After being permitted by the court to intervene he probably would not have been justified in commencing an independent suit to determine his rights, and being a party to this action, and his rights being undetermined, he is certainly a party in interest, who was entitled under the provisions of the law in relation to appeals to a notice of this appeal.

The statute gives him the right to intervene, and that right must be presumed to have been conferred upon him for some beneficial purpose.

. The motion to dismiss will be sustained.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.