[No. 1596. Decided March 3, 1896.]

CHARLES S. HINCHMAN, *Respondent*, v. POINT DEFIANCE RAILWAY COMPANY *et al.*, *Defendants*, THE FIRST NATIONAL BANK OF MAUNCH CHUNK, *Intervenor*, *Appellant*.

NOTICE OF APPEAL — PARTIES — INTERVENTION.

Notice of appeal from an order striking a petition in intervention, which had been filed after a decree in an action for the foreclosure of a mortgage, must be served on all the defendants in the foreclosure proceeding who claim a preference right to the mortgaged property and the proceeds of its sale, although notice of appeal had been given in open court, when the only parties before the court at the time of the order were the plaintiff and intervenor, the plaintiff having been the only party served with notice of the petition in intervention.

Appeal from Superior Court, Pierce County — Hon. W. H. PRITCHARD, Judge.     Appeal dismissed.

*Bogle & Richardson*, for appellant.

*Doolittle & Fogg*, *C. O. Bates*, and *E. M. Hayden*, for respondent.

The opinion of the court was delivered by

GORDON, J.—On the 13th day of October, 1894, the superior court of Pierce county, in an action therein pending wherein Charles S. Hinchman was plaintiff, and the Point Defiance Railway Company, a corporation, the Point Defiance, Tacoma & Edison Railway

Company, a corporation, the Northwest General Electric Company, a corporation, and John G. Lewis, as trustee, were defendants, rendered a decree directing that a certain mortgage held by the plaintiff therein, and also a subsequent mortgage held by Lewis, trustee, one of the defendants therein, should be foreclosed and the mortgaged property sold for the benefit of the parties named in said decree. It further appears that in pursuance of said decree the mortgaged premises were thereafter sold and on the 3d day of January, 1895, the appellant herein filed what it has styled a "petition in intervention," in which it set up that it was the owner and holder of a note secured and intended to be secured by the mortgage executed to the said Lewis. It further asked that it might be adjudged entitled to a first lien on the mortgaged property, or entitled to be paid in full out of the fund realized from the sale thereof, and setting up other reasons why it should not be considered bound by the decree heretofore referred to. This petition in intervention was served upon the plaintiff Hinchman alone, and thereafter, upon motion of said plaintiff, the petition was stricken from the files by order of the superior court, and from that order this appeal was taken.

A motion has been made in this court to dismiss the appeal, for the reason, among others, that notice of appeal was not served upon any of the defendants who have appeared in the action, nor upon any of the parties in said action save and except the plaintiff. The notice of appeal was given in open court at the time the order appealed from was made, but as already stated the only parties that were then before the court were this appellant and the plaintiff in the original action. It is apparent that the other parties to the original action are as much interested in the result of

this attempted intervention of the appellant as is the plaintiff who was served. Each of the parties to the record in the original action was claiming a preference right to the mortgaged property and to the funds arising from its sale. It is manifest that if, instead of attacking the decree in the method which it has elected to pursue, the appellant had appealed therefrom, it would have been necessary to serve notice of appeal upon all parties who had appeared in the original action, and we think for like reasons it was necessary to give all such parties notice of appeal in the present instance. *Johnson v. Lighthouse,* 8 Wash. 32 (35 Pac. 403); *Watson v. Pugh,* 9 Wash. 665 (38 Pac. 163); *Gray's Harbor Commercial Co. v. Wotton, ante* p. 87.

Dismissed.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J. (*dissenting*). I think the order should be affirmed for want of notice to necessary parties in the court below, but am of the opinion that the notice of appeal in open court was sufficient to bring all the parties to the proceeding to this court and that for that reason the motion to dismiss should be denied.