[No. 5171.  Decided December 17, 1904.]

H. S. WILLARD, *Respondent*, v. DANIEL FISHER *eʋ al.*, *Appellants.*[1]

APPEAL—PARTIES—SERVICE OF NOTICE—APPEAL BY INTERVENORS— CORPORATION NECESSARY PARTY TO APPEAL. Where, in an action brought against a corporation by a stockholder, temporary injunctions are issued, after an appearance and contest by the corporation, restraining the corporation and its officers and stockholders from holding a stockholders' meeting, during the pendency of the action, and subsequently certain stockholders intervene in their own right, and appeal from an order refusing to dissolve the temporary injunctions, the corporation is a necessary party to the appeal, and interested therein, upon whom service of notice of the appeal by the intervenors must be made, or the appeal will be dismissed.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered January 4, 1904, denying the intervenors' motion to dissolve temporary injunctions entered December 7th and 8th, 1903, after a hearing on the merits.    Appeal dismissed.

*A. H. Kenyon* and *W. C. Jones,* for appellants.

*H. S. Stoolfire* and *John C. Kleber,* for respondent.

[1] Reported in 78 Pac. 917.

HADLEY, J.—The respondent brought this suit against the Lucile Dreyfus Mining Company, a corporation. The complaint, in effect, alleges that on or about December 2, 1902, the respondent was the owner and holder of 127,000 shares of valid stock of said company; that on said date he surrendered and delivered the certificate therefor to the company, for transfer of the stock to his name and account, on the books of the corporation; that, with full knowledge of the surrender of said certificate for said purpose, the secretary then issued to him, in lieu of the former one, a certificate for 127,000 shares; that the corporation denies the validity of the stock thus issued, refuses to recognize and classify it as valid, and to make an entry of it upon the books of the company, although the same has been demanded by respondent; that the by-laws provide that each stockholder shall have two weeks written notice, by mail, of the meetings of stockholders; that, without giving respondent said notice, or any notice whatever, the secretary of the company has notified some of the stockholders of a meeting to be held December 7, 1903, for the election of trustees; that the corporation threatens to exclude, and unless restrained will exclude, respondent from exercising any of the rights of a stockholder, and will deny him the right to vote his stock at any and all stockholders' meetings, and to participate in the election of trustees; that, after December 1, 1902, the secretary of the corporation, while acting as such, issued and circulated certificates purporting to represent stock of the company in excess of its capital stock, to the extent of more than 1,000,000 shares, which certificates are held by divers persons who, at said meeting, threaten to vote, and unless restrained will vote, the same as valid stock, and thereby control the management of the company;

that all stock accounts of the corporation are confused by raised, forged, and spurious issues, and the genuine stock of the company cannot be determined by its records; that it is beyond the power of the corporation, its officers, or stockholders, to determine the various controversies concerning its stock, and for which it has now an action pending.   It is alleged, that respondent is without a plain, speedy, and adequate remedy at law, and that, unless restrained as prayed, the control of the company will pass into the hands of the holders of spurious stock. The complaint prays for a decree requiring the corporation to enter upon its books and classify said 127,000 shares as valid stock of the company; that respondent's title therein shall be quieted, and he declared to be entitled to the right of a stockholder.

In response to notice of intention to apply for a restraining order pending the suit, the corporation appeared on December 7, 1903, and resisted said application.   A restraining order was, however, issued, by the terms of which the corporation, its trustees, officers, agents, employees, and all persons under its control, were enjoined from holding a meeting of stockholders for the election of trustees on December 7, 1903, or any adjourned meeting, until the further order of the court.

On the following day, December 8, 1903, respondent filed in the action a supplemental complaint, in which he alleged that, pursuant to the notice of the stockholders' meeting mentioned in the original complaint, as given to a part of the stockholders only, the same to be held December 7, 1903, various alleged and pretended stockholders of the corporation met at the office of the company, at the hour of four o'clock, P. M., on said day, and assumed to convene a stockholders' meeting; that at said meeting these persons assumed to take control of the

property, effects, and accounts of the company; that they attempted to consider and pass upon the validity of their own stock, and that of their associates, and upon their rights as stockholders, all for the unlawful purpose of obtaining control of the corporation; that they assume and threaten to evade the provisions of the restraining order, issued as hereinbefore stated on the previous day, by the indirect means of assuming control of the company and its officers, changing its by-laws, and threatening to transact all business of the company, which can be done by its trustees only, or by a lawful and regular meeting of the stockholders; that said meeting was adjourned until two o'clock P. M., December 8, 1903, at which time the aforesaid acts will be done as stated; that the holders of valid stock are unknown to the company; that the records of the company do not disclose who are entitled to the standing of holders of valid stock, and entitled to the right to vote as such; that the corporation has an action pending to procure a decree quieting the title to the valid stock, to determine who are its holders entitled to vote thereunder, and who are not entitled to vote by reason of any over-issue held by various persons; that the said action is undetermined, and the corporation will be wholly unable to determine who are properly entitled to vote the stock until it is finally determined in said action who are its holders; that to permit the various persons who are convened, and who will convene again at the said adjourned meeting, to hold a pretended stockholders' meeting and exercise the right of stockholders, as contemplated, will place in jeopardy all the property rights and interests of the corporation; that respondent, being a large holder of valid stock of the company, is entitled to have its rights and property protected from unlawful usurpation of power by persons not en-

titled to the rights of stockholders; that he has requested various officers and trustees of the corporation to take immediate action to enjoin the further and continuous action of said persons at said meeting, or any adjourned meeting thereof, but they have refused. This supplemental complaint prays for an additional restraining order, enjoining the holding of any and all meetings of stockholders, for election of officers or trustees, until this action, and the one instituted by the corporation to determine the validity of the stock, have been adjudicated.

In response to notice of intention to apply for an additional restraining order, under the supplemental complaint, the corporation again appeared and resisted the application. A restraining order was, however, issued enjoining the corporation, its trustees, officers, stockholders and all persons under its control, from holding stockholders' meetings for the election of trustees or any other purpose, and particularly from holding any meeting under the notice aforesaid, or any adjourned meeting thereof. The same persons were also restrained from in any way changing the records of the stock or other accounts, from changing the by-laws or management of the company, from assuming to pass upon the validity of the stock or voting the same, until the legally authorized stock, and the persons entitled to it, have been fully determined by a court of competent jurisdiction, or until the further order of the court.

Thereafter the appellants here, having obtained leave, filed their complaint of intervention in the cause, and moved the court to dissolve the restraining order above mentioned. The motion to dissolve was denied, and from said order of denial the intervenors have appealed.

Respondent moves to dismiss the appeal upon the ground that no notice of appeal was served upon the

Lucile Dreyfus Mining Company, defendant in the case. It will be remembered that the action was brought by respondent against said corporation only, the appellants coming into the action by said intervention. After the corporation had appeared at each application for a restraining order, and after both orders had been issued, the appellants were permitted to intervene. Under the former decisions of this court, the motion to dismiss the appeal should be granted upon the ground stated, unless, for reasons urged by appellants, the case does not come within the rule.

The intervenors' complaint alleges that they are stockholders in the defendant corporation, and that they represent, in their own right and by proxy, a majority of the genuine stock of the corporation. Many allegations of the original and supplemental complaints are denied but it is admitted that a large amount of spurious stock has been circulated. It is alleged, however, that it was done by the secretary's forgery, as his own felonious act, and that he neither acted for the defendant corporation, nor with the knowledge or consent of its officers. They deny the validity of respondent's stock, and, on the claim that their own is valid, they seek to be released from the effects of the restraining order so that they may go on and hold stockholders' meetings. Pending the hearing of the issues thus joined, they moved for the dissolution of the restraining orders, and, having appealed from the denial thereof, they now urge that the defendant corporation is not such a party here as requires the service of notice of the appeal upon it. They say that they are not attempting to appear for the corporation, but are seeking to vindicate a personal legal right which pertains to them simply as stockholders, a right in which

they claim the corporation itself has no concern or interest.

They came into this action, however, and asked to be allowed to become parties when the corporation was the sole defendant. It had appeared to resist each restraining order, and each one was directed against the corporation. They are, therefore, parties, and, with the corporation, seeking to have undone what it endeavored in advance to prevent. Their complaint in intervention names the corporation as a party thereto, and denies allegations of the original complaint, which have not been denied by the corporation. Why has not the corporation an interest or concern as to who shall hold stockholders' meetings, assuming to decide who shall control its assets, affairs, and policy? The corporation represents all the valid stockholders, and they are vitally interested. Appellants assert that their stock is admittedly genuine, but we find in the statement of facts an affidavit to the effect that it is impossible for the corporation to determine from its records who are genuine stockholders, until the suit it has brought to test that matter shall be determined, and that "the stock of each and all of the intervenors, and the proxies shown by them, is involved in the said action, and the question as to whether or not it is valid stock of the defendant company has not yet been determined." This is not a direct denial of validity, but it is as nearly such as the uncertain circumstances shown by the record seem in conscience to permit. It at least shows that the matter of its validity is in suspense. In fact, the allegations of the pleadings and the affidavits in this record are such as make it seem to us that nothing short of a judicial determination will establish who are stockholders of the defendant corporation, and entitled to hold its stockholders' meetings. In that

subject the corporation must be vitally interested. For aught that we know, the corporation may now desire to acquiesce in the continuance of the restraining orders until the final determination of this action, and of the other one mentioned. It has not appealed, and, not having been made a party to this appeal, it is not here to be heard. This court has repeatedly held that failure to serve notice of appeal upon all parties appearing in the action, who have not joined in the appeal, is ground for dismissal of the appeal. *Dewey v. South Side Land Co.,* 11 Wash. 210, 39 Pac. 368; *Casey v. Oakes,* 13 Wash. 38, 42 Pac. 621; *Hinchman v. Point Defiance R. Co.,* 14 Wash. 171, 44 Pac. 152.

For the reasons hereinbefore stated, we think this case should not be distinguished from the above cited ones, and the appeal is therefore dismissed.

FULLERTON, C. J. and MOUNT, ANDERS, and DUNBAR, JJ., concur.