[No. 7144.  Decided March 28, 1908.]

A. L. SPENCER, *Respondent*, v. TOWN OF ARLINGTON *et al.,*
*Appellants.*[1]

MUNICIPAL CORPORATIONS — DEFECTS IN STREET—EVIDENCE AS TO
PLACE—QUESTION FOR JURY—IMPLIED DEDICATION. In an action for
personal injuries sustained by reason of defects in a street, the evi-
dence is sufficient to warrant the submission to the jury of an issue
as to whether the defect was in a public street, where it appeared
that the town officers had exercised authority over the place by
placing dirt and oil thereon for highway purposes, knowing that it
was and would be used for such purposes, that the public had trav-
eled over the place for twelve years, and that the town had con-
structed a cross-walk over the same; since dedication and acceptance
may be implied from usage, the making of repairs, and invitation.

APPEAL—ASSIGNMENT OF ERRORS—SUFFICIENCY. Error in refusing
a new trial on the ground of misconduct of a party is sufficiently
assigned where that was one of the grounds of the motion, the brief
assigns error on overruling the motion, and a subdivision of the
argument is devoted to the subject of such misconduct.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON FACTS. It is unlaw-
ful comment for the judge to state what any one with common sense
must say upon an issue.

TRIAL—NEW TRIAL—MISCONDUCT OF COUNSEL. It is misconduct of
the prevailing party requiring a new trial, for his counsel, in argu-
ment to the jury, to repeat a prejudicial comment on the evidence
made by the judge when the jury was not present, counsel stating
that the same was "said here by one who knows more about these
things than I do," since the inference would carry to the jury that
the judge had made such unlawful comment.

SAME—PREJUDICE—INSTRUCTIONS—CURING ERROR. Prejudice will
be presumed from repeating to the jury a comment made by the
judge as to what any one with common sense would say as to one
of the material issues of fact, and the same would not be cured by
instructions that the jury are sole judges of the fact and should
disregard indications made by the court or counsel.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered August 12, 1907, upon the

[1]Reported in 94 Pac. 904.

verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian through stepping into an unguarded hole in a street. Reversed.

*Bell & Austin* and *L. N. Jones* (*Cooley & Horan*, of counsel), for appellants.

*Hulbert & Husted*, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries alleged to have been received within the corporate limits of the town of Arlington. The plaintiff claims that the injuries were sustained by him as the result of stepping into a hole within the limits of one of the public highways of the town. He alleges that the hole was several feet deep, about eight inches square, and boxed with timbers; that the town left the hole open and in a dangerous condition for travelers upon the highway in that it was unprotected and unguarded, without any signal placed about it to warn persons of the danger. The Jim Creek Water, Light and Power Company, a corporation, was joined with the town as a defendant in this suit, and the plaintiff alleges that said corporation caused the hole to be made about May, 1906, and that from that time until August 21, 1906, the date of the accident to the plaintiff, both the town and said corporation suffered the hole to remain open and unprotected. The town claims that the hole was not situated upon any street or highway within the corporate limits of the municipality, but that it was located upon land of the Northern Pacific Railway Company, about twenty feet west of the west line of Third street, which land had never been dedicated as a public street. The water and light company makes the same claim, and also claims that it constructed the box or hole upon said land by permission of the railway company; that it was constructed to protect gate valves for water pipes, and that if the hole was uncovered at the time of the accident, it was but recently so, and was open without the company's knowledge. The cause was tried before a jury, and a verdict was returned in

favor of the plaintiff against both defendants, for the sum of $9,000. The defendants moved for a new trial, which was denied. Judgment was entered in accordance with the verdict, and the defendants have appealed.

Appellants contend that the court erred in overruling their challenge to the legal sufficiency of the evidence. They admit that the evidence bearing upon the questions of notice to each of the appellants and of contributory negligence on the part of the respondent was conflicting, although maintaining that the weight of the testimony was with the appellants. They, however, insist that the evidence did not show that the place of the injury was within the limits of a public street or highway under the jurisdiction or control of the appellant town, and furthermore, that there was no conflict in the evidence upon that subject. We think there was ample evidence upon that question for submission to the jury. Witnesses testified to acts on the part of the officers of the town, indicating the exercise of authority over the place in question as a part of a public street. Among the acts mentioned were such as hauling, placing, and leveling dirt at and about this place for use for highway purposes, and the placing of oil upon the same for the said purpose, knowing that it had been, was then being, and would thereafter be used as a public highway. It was thereafter so used, and it was testified by several witnesses that the public had traveled over the place as a public highway for twelve or fifteen years. A cross-walk was built across this territory and near the hole, and a witness testified that he constructed the walk under the immediate direction of the street commissioner of the town, and received his pay therefor from the town. It was for the jury to determine whether the place was within a public street. A dedication and acceptance may be implied from a general and long-continued use by the public as of right. Elliott, Roads and Streets (2d ed.), § 154; 2 Dillon, Mun. Corp. (4th ed.), §§ 638, 642; *Raymond v. Wichita*, 70 Kan. 523, 79 Pac. 323. Making repairs and improvements and inviting the public to travel

may be considered as evidence of the adoption of a highway by a municipality, and it may be thereby estopped to deny that the way is a public one and under its control. 5 Thompson, Commentaries on the Law of Negligence, § 5941. The evidence was by no means all against the theory of dedication and acceptance, as urged by appellants, but there was decided testimony as to facts tending to show that the injury occurred within a public street as tested by the authorities. It was therefore not error to overrule appellant's challenge to the sufficiency of the evidence.

It is assigned as error that the court overruled appellant's motion for a new trial. A number of objections to instructions given are mentioned and discussed. We think the instructions taken as a whole were not misleading, and that they fairly stated the law of the case. It is further contended, however, that the motion for a new trial should have been granted because of misconduct of respondent through his counsel. Respondent argues that this subject is not sufficiently assigned as error to permit of its examination in this court. The motion for a new trial expressly recited, as a ground for asking a retrial, the misconduct of the prevailing party, and the brief definitely assigns that the court erred in overruling the motion. Following all this a subdivision of the argument in the brief is expressly devoted to the subject of misconduct on the part of respondent's counsel. We therefore think the subject has been assigned as error with sufficient clearness. The circumstances which gave rise to this contention were as follows: When the court was orally ruling upon appellant's challenge to the sufficiency of the evidence, it made use of the following language:

"Was it generally considered a public highway? Well, one looking at this evidence—looking at these photographs, seeing how the buildings were built, how the crossings are, and what the city itself has done—one would be a slave to mere words, would not be considered as having ordinary common sense, I think, outside of the court room, if he did not think that was a public highway."

It will be seen that the above was an emphatic comment upon a very material fact in the case, which was to be determined by the jury, the comment being directly adverse to the appellant's contention before the jury. The jurors were not in the presence of the court at the time the remark was made, they having withdrawn until the court should hear arguments and dispose of the challenge to the evidence. The court was careful not to make such a comment in the hearing of the jury. But while respondent's counsel was making an argument to the jury, he used the following remark: "It has been said here by one who knows more about these things than I, that no one in the exercise of common sense could look at the conditions there and say that it was not a highway." An exception was taken by appellants' counsel, which was allowed, but nothing more appears in the record as having occurred at that time. If the court had repeated its remark in the presence of the jury, it would have undoubtedly constituted reversible error. *Schneider v. Great Northern R. Co.*, 47 Wash. 45, 91 Pac. 565.

Appellants urge that the remark of counsel made it manifest to the jury that the court had used the remark, and that the view expressed thereby was that of the court. We think such must be the conclusion from the record. The counsel's manner of emphasizing the value of the knowledge of the one who had made the comment, we think, must have quickly carried to the minds of the jury the conviction that he referred to the court. To the view of no other personage connected with the trial would the jury have supposed so much importance would have been attached. In such manner the jury were informed of the expressed view of the court as to a material fact, a thing which was entirely improper for them to know. The court was blameless so far as the communication of the remark to the jury was concerned, but the fact remained that the jury, in all reasonable probability, believed that they knew what the court had said. Such a situation could hardly fail to impress the jury. In *State v. Walters,*

7 Wash. 246, 34 Pac. 938, 1098, this court said, in substance, that inasmuch as all observations as to the facts before the jury are prohibited, if any such are made the judgment will be reversed unless the appellate court can see that no prejudice resulted therefrom. In this case we are unable to see the lack of such prejudice. We think under all the circumstances, the presumption must be so strongly against respondent that the burden is placed upon him to show that no prejudice resulted. It is true the court afterwards instructed the jury generally that they were the sole judges of the facts and that they should not regard anything that counsel or the court had indicated as being the facts unless the same were shown by the testimony. But it cannot be presumed that such an instruction enabled the jury to remove from their minds the impression made upon them by what they must have supposed the court had said was an important and established fact in the case.

For the reasons last assigned the judgment is reversed, and the cause remanded with instructions to grant a new trial.

CROW, MOUNT, ROOT, and RUDKIN, JJ., concur.

DUNBAR, J. (concurring)—I concur in the result, but not in the implication that because the motion for a new trial raised the question of the misconduct on the part of the respondent, and because the brief assigned error of this court in overruling the motion for a new trial, the assignment of misconduct was sufficient.