[No. 7902.   Department Two.   July 19, 1909.]

A. L. SPENCER, *Respondent*, v. THE TOWN OF ARLINGTON
*et al., Appellants.*[1]

MOTIONS—NOTICES—SERVICE.  Under Bal. Code, § 4889, providing
for the service of notices upon attorneys by leaving a copy at his
office during his absence with his clerk or person having charge, or
in a conspicuous place in the office, if no one is in charge, a service
is good when made by dropping a copy through the transom on the
floor of the office in front of the front door, which was locked, no
one being in the office; especially where, upon calling at the office
next morning, the copy is found in the possession of the clerk.

TRIAL—INSTRUCTIONS—REQUESTS.  It is not error to refuse re-
quested instructions when the same are given in substance in the
general charge.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered June 23, 1908, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by a pedestrian
through stepping into an unguarded hole in a street.   Af-
firmed.

*L. N. Jones* and *Bell & Austin* (*Cooley & Horan,* of coun-
sel), for appellants, contended, *inter alia,* that the statute
does not authorize a service by leaving a copy in a conspicu-
ous place in the office unless the office is open at the time.
*Haight v. Moore,* 36 N. Y. Super. Ct. 294; *Claflin v. DuBois,*
13 N. Y. Civ. Proc. 234; *Corning v. Pray,* 2 Wend. (N. Y.)
626; *Anon.,* 18 Wend. (N. Y.) 578; *Timolat v. Held Co.,*
15 Misc. (N. Y.) 630; *Livingston v. New York Elevated R.
Co.,* 19 N. Y. Civ. Proc. 258; *Campbell v. Spencer,* 1 How.
Prac. (N. Y.) 199; *Vail v. Lane,* 4 Hun 653; 19 Am. & Eng.
Ency. Law (2d ed.), 648; *Fairfield v. Binnian,* 13 Wash. 1,
42 Pac. 632; *Times Printing Co. v. Seattle,* 25 Wash. 149,
64 Pac. 940.

*Hulbert & Husted,* for respondent.

[1] Reported in 103 Pac. 30.

PARKER, J.—This is an appeal from a judgment rendered by the superior court upon a verdict favorable to the plaintiff on account of damages for personal injuries. The case has been in this court upon a former appeal, when it was remanded for a new trial. The decision upon that appeal is reported in 49 Wash. 121, 94 Pac. 904, where the issues are described at some length, so they need not be repeated here.

During the progress of the trial, the court permitted counsel for plaintiff and respondent, over the objection of counsel for defendants and appellants, to read from the testimony of certain witnesses taken upon the former trial and embodied in the statement of facts certified by the court following that trial. This was allowed by the court under the provision of chapter 26, p. 50, Laws 1905, which provides:

"Section 1. The testimony of any witness, deceased, or out of the state, or for any other sufficient cause unable to appear and testify, given in a former action or proceeding, or in a former trial of the same cause or proceeding when reported by a stenographer, or reduced to writing, and certified by the trial judge, upon three days' notice to the opposite party or parties, together with service of a copy of the testimony proposed to be used may be given in evidence in the trial of any civil action or proceeding, where it is between the same parties and relates to the same matter."

The only objection urged against the reading of this testimony was based upon the manner of service of the notice provided for in the law above quoted, which appellants contend was not such as to entitle the respondent to have the testimony read upon the trial. Counsel for both sides proceed in their argument upon the theory that the sufficiency of the service of the notice, the manner of which is not provided for in this law, must be determined by the general provision for service of notices incident to proceedings in pending actions, being § 4889 of Bal. Code (P. C. § 349), which reads:

"The services may be personal or by delivery to the party or attorney on whom service is required to be made, or it

may be as follows: (1) If upon an attorney, it may be made during his absence from his office by leaving the papers with his clerk therein, or with a person having charge thereof; or, when there is no person in the office, by leaving it between the hours of six in the morning and nine in the evening in a conspicuous place in the office; or, if it is not open to admit of such service, then by leaving it at the attorney's residence with some person of suitable age and discretion."

The testimony was read during the trial on June 19th, and the facts which respondent claims constituted the service of the notice are conceded to be as follows: On June 15th between the hours of six and half-past seven o'clock in the evening, while there was no one at the office of appellants' attorneys, and while their office was locked, the notice was dropped through the transom of the office door and allowed to fall down upon the floor immediately in front of the door on the inside. On the following day Mr. Husted, one of respondent's attorneys, appeared at the office of appellants' attorneys, where he found a Mr. Wells in charge of the office, and who had the notice on his desk before him. No objection is made to the form and sufficiency of the notice, the objection only going to the manner of service.

Subd. 1, § 4889 of Bal. Code, above quoted, is the same as subd. 1, § 1011 of California Code of Civil Procedure, except as to hours of service and a provision for service by mail. The supreme court of that state, passing upon a similar state of facts as constituting good service under that section, said in the case of *January v. Superior Court,* 73 Cal. 537, 15 Pac. 108:

"The service of the notice, which was made by depositing a copy thereof through the door into the postal-box which had been placed there for the reception of documents, was sufficient. It cannot be said that a box so clearly designated by an attorney as the proper place for the deposit of letters and papers during his absence from the office is not a 'conspicuous place' within the meaning of section 1011 of the Code of Civil Procedure."

It seems to us that on the floor and immediately in front of the door on the inside is a very conspicuous place. Indeed, it is not easy to conceive of a place in the ordinary law office more conspicuous, or a place where a paper would more likely attract attention. We have even more here than appears in the California case, for here the notice did actually come into the hands of the person having charge of the office, not later than the following day which was three days before the reading of testimony at the trial.

The case of *Times Printing Co. v. Seattle,* 25 Wash. 149, 64 Pac. 940, cited by appellants, we think is clearly distinguishable from the facts of this case. In that case it was held that service could not be made upon a clerk in the law office when the attorney to be served was himself present. The condition prescribed by § 4889 permitting other than personal service upon the attorney did not exist. The attorney being present when the service was being made, there was no excuse for not serving him personally. The case of *Fairfield v. Binnian,* 13 Wash. 1, 42 Pac. 632, cited by appellants, we think also is distinguishable from the situation we have here. That was the service of a notice of appeal, and the affidavit of service failed to show the manner of service, simply stating it was left at the attorney's office, it being silent as to whom the notice was delivered to or left with, and silent even as to the notice being left in a conspicuous place; and besides, the proof failing to state any of the conditions which, under § 4889, would permit the service other than personally on the attorney, of course it was insufficient.

Some of the New York cases cited by appellants' counsel lend some support to their contention that the door of the office being locked rendered the office "not open to admit of such service" as was made in this case. But is seems to us that the office was sufficiently open to admit of service by leaving the notice in a conspicuous place therein if that could be easily accomplished by the use of any opening into the office. Touching matters of practice of this nature which

are not jurisdictional, we are impressed with the soundness of the views of the supreme court of California expressed in the case of *Smith v. Whittier*, 95 Cal. 279, 30 Pac. 529, where, on page 295, it is stated:

"Rules of procedure, whether statutory or made by the court, are intended to facilitate courts in doing justice between the parties. They are framed with a view to enable litigants to properly present their cause for determination; and courts, in the exercise of their supervisory care over them should be inclined to take that course which will enable them to ascertain the actual facts in a cause. For the guidance of parties, certain formalities are required, and certain times specified within which the several steps are to be taken; but, except in matters which are jurisdictional, these provisions are intended for the convenience of courts and litigants, and should be liberally construed."

We are of the opinion that the service was sufficient, especially since it actually came into the possession of a person in charge of the office, and it was therefore not error to permit the testimony to be read to the jury.

It is contended that the court erroneously refused to give certain requested instructions in behalf of appellants upon the alleged contributory negligence of respondent, which was an issue in the case. We have carefully read the instructions so requested, and also those given by the court upon the same subject, and conclude that the instructions given by the court covered the same matters, in substance, as requested by appellants' attorneys, in so far as it was necessary to give such requested instructions, and therefore no error was committed by the court by such refusal.

We are of the opinion that there is no reversible error shown in this record, and that the judgment of the superior court should be affirmed. It is so ordered.

RUDKIN, C. J., CROW, MOUNT, and DUNBAR, JJ., concur.